IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A. INC., LG ELECTRONICS MOBILE RESEARCH U.S.A. LLC, AND LG ELECTRONICS ALABAMA, INC.,<br><br>*Defendants*. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Fundamental Innovation Systems International LLC ("Plaintiff" or "Fundamental"), by and through its undersigned counsel, brings this action against Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc., LG Electronics Mobile Research U.S.A. LLC, and LG Electronics Alabama, Inc. (collectively, "Defendants" or "LGE"), to prevent the Defendants' continued infringement of Plaintiff's patents without authorization and to recover damages resulting from such infringement.

**PARTIES**

1. Plaintiff is a Delaware limited liability company with its principal place of business located at 2990 Long Prairie Road, Suite B, Flower Mound, Texas 75022.

2. Fundamental is the owner by assignment of all right, title, and interest in U.S. Patent Nos. 7,239,111 (the "'111 Patent"), 7,834,586 (the "'586 Patent"), 8,232,766 (the "'766 Patent"), and 8,624,550 (the "'550 Patent") (collectively, the "Patents-in-Suit").

3.      On information and belief, Defendant LG Electronics, Inc., is a South Korean corporation with a principal place of business located at 128 Yeoui-Daero, Yeongdeungpo-gu, Seoul, 07336 South Korea.

4.      On information and belief, Defendant LG Electronics U.S.A., Inc. is a Delaware corporation with a principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 06632.  LG Electronics U.S.A., Inc. is authorized to do business in Texas and may be served via its registered agent United States Corporation Co., 211 E. 7th Street, Suite 620, Austin Texas 78701. On information and belief, Defendant LG Electronics U.S.A., Inc. sells consumer electronics, mobile phones, and related accessories under the LG brand.

5.      On information and belief, Defendant LG Electronics MobileComm U.S.A., Inc. is a California corporation with a principal place of business located at 10101 Old Grove Road, San Diego, California 92131. LG Electronics MobileComm U.S.A., Inc. is authorized to do business in Texas and may be served via its registered agent, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.  On information and belief, Defendant LG Electronics MobileComm U.S.A., Inc. sells mobile devices and mobile device accessories under the LG brand.

6.      On information and belief, Defendant LG Electronics Mobile Research U.S.A., LLC, is a California limited liability company with a principal place of business located at 10225 Willow Creek Road, San Diego, California 92131.  LG Electronics Mobile Research U.S.A., LLC is authorized to do business in Texas and may be served via its registered agent, Corporation Service Company d/b/a/ CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.  On information and belief, Defendant LG Electronics Mobile Research U.S.A., LLC, performs research and development activities for LGE.

7.      On information and belief, Defendant LG Electronics Alabama, Inc. is an Alabama corporation with a principal place of business located at 201 James Record Road, Huntsville, Alabama 35824.  LG Electronics Alabama, Inc. is authorized to do business in Texas and may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite

900, Dallas, Texas 75201.  On information and belief, Defendant LG Electronics Alabama, Inc., provides customer service for all official LG brand products purchased in the United States.

8. All of the Defendants operate under and identify with the trade name "LG."  On information and belief, each of the Defendants directly or indirectly imports, develops, designs, manufactures, uses, distributes, markets, offers to sell and/or sells products and services in the United States, including in this district, and otherwise purposefully directs activities to the same. On information and belief, the Defendants have been and are acting in concert and are otherwise liable jointly, severally or in the alternative for a right to relief with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale or selling of at least one infringing product.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. §1, et. seq., including 35 U.S.C. § 271.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and §§ 1338(a).

10. This Court has personal jurisdiction over LGE because it has substantial, systematic, and continuous contacts with this judicial district.  On information and belief, LGE regularly conducts business in the State of Texas and in this judicial district, and maintains facilities and employees within Texas and within this judicial district.  On information and belief, LGE has sold and offered to sell infringing products in this State and judicial district and has committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in this judicial district and elsewhere in Texas.  LGE has offices and facilities in this judicial district, including facilities in Carrollton, Texas.  LGE also maintains agents for service of process in the state of Texas, as well as authorized retailers and repair facilities for the Accused Products in this judicial district.

11. On information and belief, LGE purposefully conducts business in the State of

Texas and in this judicial district and maintains facilities and employees within Texas and within this judicial district.  For example, LGE maintains its primary Mobile Communications Repair Center, a distribution center, and other facilities in Texas.  On information and belief, LGE has also sold and offered to sell Accused Products in this State and judicial district.  For example, LGE maintains facilities and sales teams in Carrollton, Texas.  LGE also has authorized repair facilities for the Accused Products in this judicial district, including, for example, in Carrollton, Texas.  And, LGE also has authorized retailers for the Accused Products in this judicial district such as Fry's Electronics, including, for example, in Plano, Texas.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(d) and 1400(b).  LGE resides in and is subject to personal jurisdiction in this judicial district, and has a regular and established place of business in this judicial district, including offices and facilities within Carrollton, Texas.  Further, certain of the acts giving rise to the claims alleged herein occurred in this judicial district.  LGE has committed acts of infringement in this judicial district by, among other things, selling, and offering for sale infringing products in this judicial district and through the business operations of LGE entities in this judicial district.

## FACTUAL ALLEGATIONS

### *The Patents-in-Suit*

13. The Patents-in-Suit relate to, among other things, novel techniques for using Universal Serial Bus ("USB") in connection with wireless mobile devices to both facilitate data communication and allow for the charging of certain classes of devices.  This technology represented a fundamental break from previous techniques for mobile device charging and has supported the rapid miniaturization of mobile devices, improved user experiences and led to a dramatic increase in performance and features.

14. The Patents-in-Suit resulted from a large scale research and development program at Research In Motion Limited ("RIM"), later reorganized as BlackBerry Limited ("BlackBerry").  At the time of invention, RIM was a global leader and pioneer in the field of

wireless mobile communications. The company was founded in 1984 and revolutionized the mobile industry when it launched the BlackBerry® 850 in 1999. Fundamental is responsible for protecting and licensing seminal BlackBerry innovations in the field of USB charging.

### *LGE's Accused Products*

15. On information and belief, LGE makes, uses, sells, offers for sale and/or imports infringing products in the United States, including but not limited to infringing monitors, mobile devices and power adapters (the "Accused Products"). Examples of the Accused Products include the LGE 34" Class 21:9 UltraWide® QHP IPS LED Monitor ("LG 34UM88-P"), G Pad II, MCS-04WRE, MCS-H05WP, MCS-H05WR, MCS-N04WP, MCS-H05WD, MCS-02WR, MCS-01WP, MCS-02WRE, STA-U34WRE, and other models that include similar functionality to the extent not licensed to the Patents-in-Suit.

16. On information and belief, certain of the Accused Products are mobile devices that can be used with a wireless telecommunications network. The mobile devices include USB interfaces, USB communication paths and charging sub-systems that are operably connected to the USB interface. The charging sub-systems are configured to receive power and use the power to charge a battery. The mobile devices are able to detect an identification signal received via the USB interface, which may be an abnormal USB data condition and is different than USB enumeration. The identification signal enables the mobile device to draw current unrestricted by a USB specification limit.

17. On information and belief, certain of the Accused Products are USB adapters that are designed to provide power to a mobile device through a USB port. The Accused Products receive power from a power socket and include a power converter that regulates the received power to generate a DC power output. The Accused Products are configured to generate an identification signal that indicates to the mobile device that it is receiving power from a source that is not a USB host or hub. The Accused Products are able to supply current to a mobile device without regard to at least one associated condition specified in a USB specification.

*LGE's Knowledge of Patents-in-Suit and Infringement*

18.     No later than December 11, 2015, LGE had first received specific notice that it infringes the Patents-in-Suit via a letter from Fundamental to Mr. Joo Sup Kim, Ph.D., Vice President of LGE's Licensing Team.

19.     On information and belief, subsequent to December 11, 2015, LGE has continued to make, use, sell, offer for sale, and import into the United States the Accused Products.  As an example, LGE has continued to sell, offer to sell and import Accused Products via its own web sites, including http://www.lg.com/us/, and through authorized retailers and distributors.  LGE's making, using, selling, offering to sell and importing of the Accused Products into the United States constitute direct infringement under 35 U.S.C. § 271(a).  On information and belief, LGE also directly infringes one or more method claims in the Patents-in-Suit by testing, repairing, and using the Accused Products in the United States.

20.     On information and belief, subsequent to December 11, 2015, LGE has continued to make, use, sell, offer for sale, and import into the United States the Accused Products with knowledge that these Accused Products are a material part of inventions claimed by the Patents-in-Suit and are especially made or adapted for use in an infringement of the Patents-in-Suit.  On information and belief, LGE knows that the Accused Products are not a staple article or commodity of commerce suitable for substantial non-infringing use.  LGE's actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Products, in violation of 35 U.S.C. § 271(c).  For example, the Accused Products include battery charging adapters, which are a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process.  Furthermore, such components are a material part of the invention and are not a staple article or commodity of commerce suitable for substantial non-infringing use.

21.     On information and belief, subsequent to December 11, 2015, LGE has continued to advertise and distribute the Accused Products, offer technical assistance, and publish user manuals, specifications, promotional literature or instructions to customers, partners, and/or end

users, advising them to use the Accused Products in a manner that directly infringes the Patents-in-Suit.  On information and belief, by such acts, LGE actively induced, and continues to actively induce, direct infringement of the Patents-in-Suit, in violation of 35 U.S.C. § 271(b).  For example, Defendants' customers who purchase the Accused Products and operate the Accused Products in accordance with instructions provided by LGE, directly infringe one or more claims of the Patents-in-Suit.  LGE provides such instructions through, for example, user guides, including user guides located at:  http://www.lg.com/us/support.

22. On information and belief, LGE has further actively induced infringement by remaining willfully blind to its customers' infringement despite believing there to be a high probability its customers, among others, infringe the Patents-in-Suit.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,232,766)

23. Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

24. The '766 Patent, titled "Multifunctional Charger System and Method," was duly and legally issued on July 31, 2012.  A true and correct copy of the '766 Patent is attached as Exhibit A.

25. The '766 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton as co-inventors.

26. The '766 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title, and interest in and to the '766 Patent, including the exclusive right to seek damages for past, current and future infringement thereof.

27. On information and belief, LGE has been, and currently is, directly infringing the '766 Patent by making, using, selling, offering to sell, and/or importing into the United States Accused Products including, for example, the LGE G Pad II, and other models that include similar functionality to the extent not licensed to the Patents-in-Suit.

28. On information and belief, LGE has been, and currently is, inducing infringement

of the '766 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that LGE's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '766 patent.  LGE induces others to infringe the '766 patent by encouraging and facilitating others to perform actions that LGE knows to be acts of infringement of the '766 patent with intent that those performing the acts infringe the '766 patent.

29.     On information and belief, LGE has been, and currently is, contributorily infringing the '766 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '766 Patent, are known by LGE to be especially made or especially adapted for use in infringement of the '766 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products.  LGE's actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Products, in violation of 35 U.S.C. § 271(c).

30.     As a result of LGE's infringement of the '766 Patent, Fundamental has been damaged.  Fundamental is entitled to recover for damages sustained as a result of LGE's wrongful acts in an amount to be determined.

31.     In addition, LGE's infringing acts have caused and are causing immediate and irreparable harm to Fundamental.

32.     LGE has had actual knowledge of its infringement of the '766 Patent since no later than December 11, 2015.  On information and belief, LGE's infringement of the '766 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of treble damages and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 7,834,586)

33. Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

34. The '586 Patent, titled "Multifunctional Charger System and Method," was duly and legally issued on November 16, 2010. A true and correct copy of the '586 Patent is attached as Exhibit B.

35. The '586 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton, as co-inventors.

36. The '586 Patent has been in full force and effect since its issuance. Fundamental owns by assignment the entire right, title, and interest in and to the '586 Patent, including the right to seek damages for past, current and future infringement thereof.

37. On information and belief, LGE has been, and currently is, directly infringing the '586 Patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Products including, for example, the LGE G Pad II, and other models that include similar functionality to the extent not licensed to the Patents-in-Suit.

38. On information and belief, LGE has been, and currently is, inducing infringement of the '586 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that LGE's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '586 patent. LGE induces others to infringe the '586 patent by encouraging and facilitating others to perform actions that LGE knows to be acts of infringement of the '586 patent with intent that those performing the acts infringe the '586 patent.

39. On information and belief, LGE has been, and currently is, contributorily

infringing the '586 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '586 Patent, are known by LGE to be especially made or especially adapted for use in infringement of the '586 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products. LGE's actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Products, in violation of 35 U.S.C. § 271(c).

40. As a result of LGE's infringement of the '586 Patent, Fundamental has been damaged. Fundamental is entitled to recover for damages sustained as a result of LGE's wrongful acts in an amount to be determined.

41. In addition, LGE's infringing acts have caused and are causing immediate and irreparable harm to Fundamental.

42. LGE has had actual knowledge of its infringement of the '586 Patent since no later than December 11, 2015. On information and belief, LGE's infringement of the '586 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of treble damages and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

**THIRD CLAIM FOR RELIEF**

**(Infringement of U.S. Patent No. 7,239,111)**

43. Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

44. The '111 Patent, titled "Universal Serial Bus Adapter For A Mobile Device" was duly and legally issued on July 3, 2007. A true and correct copy of the '111 Patent is attached as Exhibit C.

45. The '111 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton as co-inventors.

46. The '111 Patent has been in full force and effect since its issuance. Fundamental

owns by assignment the entire right, title and interest in and to the '111 Patent, including the right to seek damages for past, current and future infringement thereof.

47. On information and belief, LGE has been, and currently is, directly infringing the '111 Patent by making, using, selling, offering to sell, and/or importing into the United States Accused Products including, for example, the LG 34UM88-P, MCS-04WRE, MCS-H05WP, MCS-H05WR, MCS-N04WP, MCS-H05WD, MCS-02WR, MCS-01WP, MCS-02WRE, STA-U34WRE, and other models that include similar functionality to the extent not licensed to the Patents-in-Suit.

48. On information and belief, LGE has been, and currently is, inducing infringement of the '111 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that LGE's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '111 patent. LGE induces others to infringe the '111 patent by encouraging and facilitating others to perform actions that LGE knows to be acts of infringement of the '111 patent with intent that those performing the acts infringe the '111 patent.

49. On information and belief, LGE has been, and currently is, contributorily infringing the '111 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '111 Patent, are known by LGE to be especially made or especially adapted for use in infringement of the '111 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products. LGE's actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Products, in violation of 35 U.S.C. § 271(c).

50. As a result of LGE's infringement of the '111 Patent, Fundamental has been damaged. Fundamental is entitled to recover for damages sustained as a result of LGE's

wrongful acts in an amount to be determined.

51.     In addition, LGE's infringing acts have caused and are causing immediate and irreparable harm to Fundamental.

52.     LGE has had actual knowledge of its infringement of the '111 Patent since no later than December 11, 2015.  On information and belief, LGE's infringement of the '111 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of treble damages and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## FOURTH CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,624,550)

53.     Fundamental re-alleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

54.     The '550 Patent, titled "Multifunctional Charger System and Method" was duly and legally issued on January 7, 2014.  A true and correct copy of the '550 Patent is attached as Exhibit D.

55.     The '550 Patent names Daniel M. Fischer, Dan G. Radut, Michael F. Habicher, Quang A. Luong, and Jonathan T. Malton as co-inventors.

56.     The '550 Patent has been in full force and effect since its issuance.  Fundamental owns by assignment the entire right, title and interest in and to the '550 Patent, including the right to seek damages for past, current and future infringement thereof.

57.     On information and belief, LGE has been, and currently is, directly infringing the '550 Patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Products including, for example, the LG 34UM88-P, MCS-04WRE, MCS-H05WP, MCS-H05WR, MCS-N04WP, MCS-H05WD, MCS-02WR, MCS-01WP, MCS-02WRE, STA-U34WRE, and other models that include similar functionality to the extent not licensed to the Patents-in-Suit.

58. On information and belief, LGE has been, and currently is, inducing infringement of the '550 Patent, in violation of 35 U.S.C. § 271(b), by knowingly encouraging or aiding others to make, use, sell, or offer to sell the Accused Products in the United States, or to import the Accused Products into the United States, without license or authority from Fundamental, with knowledge of or willful blindness to the fact that LGE's actions will induce others, including but not limited to its customers, partners, and/or end users, to directly infringe the '550 patent. LGE induces others to infringe the '550 patent by encouraging and facilitating others to perform actions that LGE knows to be acts of infringement of the '550 patent with intent that those performing the acts infringe the '550 patent.

59. On information and belief, LGE has been, and currently is, contributorily infringing the '550 Patent, in violation of 35 U.S.C. § 271(c), by selling or offering for sale, in this judicial district and throughout the United States, components that embody a material part of the inventions described in the '550 Patent, are known by LGE to be especially made or especially adapted for use in infringement of the '550 Patent, and are not staple articles of commerce or commodities suitable for substantial, non-infringing use, including at least the Accused Products. LGE's actions contribute to the direct infringement of the Patents-in-Suit by others, including customers of the Accused Products, in violation of 35 U.S.C. § 271(c).

60. As a result of LGE's infringement of the '550 Patent, Fundamental has been damaged. Fundamental is entitled to recover for damages sustained as a result of LGE's wrongful acts in an amount to be determined.

61. In addition, LGE's infringing acts have caused and are causing immediate and irreparable harm to Fundamental.

62. LGE has had actual knowledge of its infringement of the '550 Patent since no later than December 11, 2015. On information and belief, LGE's infringement of the '550 Patent has been and continues to be deliberate and willful, and, therefore, this is an exceptional case warranting an award of treble damages and attorney's fees to Fundamental pursuant to 35 U.S.C. §§ 284-285.

## PRAYER FOR RELIEF

WHEREFORE, Fundamental prays for judgment against LGE as follows:

A. That LGE has infringed, and continues to infringe, each of the Patents-in-Suit;

B. That LGE pay Fundamental damages adequate to compensate Fundamental for LGE's infringement of the Patents-in-Suit, together with interest and costs under 35 U.S.C. § 284.

C. That LGE be ordered to pay pre-judgment and post-judgment interest on the damages assessed;

D. That LGE be ordered to pay supplemental damages to Fundamental, including interest, with an accounting, as needed;

E. That LGE's infringement is willful and that the damages awarded to Fundamental should be trebled;

F. That this is an exceptional case under 35 U.S.C. § 285 and that LGE pay Fundamental's attorney's fees and costs in this action; and

G. That Fundamental be awarded such other and further relief, including equitable relief, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Fundamental hereby demands a trial by jury on all issues triable by jury.

Dated: December 16, 2016

*/s/ S. Calvin Capshaw*
S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
CAPSHAW DERIEUX LLP
114 East Commerce Avenue
Gladewater, Texas 75647
Tel: (903) 845-5770

Edward J. DeFranco (pro hac application forthcoming)
eddefranco@quinnemanuel.com

          _____
Brian P. Biddinger (admitted in this District)
NY Bar No. 4479382
brianbiddinger@quinnemanuel.com
Joseph Milowic III (pro hac application forthcoming)
josephmilowic@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel. (212) 849-7000
Fax (212) 849-7100

Kevin P.B. Johnson (pro hac application forthcoming)
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel. (650) 801-5000
Fax (650) 801-5100
kevinjohnson@quinnemanuel.com

*Attorneys for Plaintiff Fundamental Innovation Systems International LLC*