**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, | |
| *Plaintiff*, | Case No. 2:16-CV-01425-JRG-RSP |
| vs. | LEAD CASE |
| LG ELECTRONICS, INC., et al. | |
| *Defendants*. | |
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, | |
| *Plaintiff*, | |
| vs. | Case No. 2:16-CV-01424-JRG-RSP |
| HUAWEI INVESTMENT & HOLDING CO., LTD. *et al.*, | |
| *Defendants*. | |

**PLAINTIFF'S OPPOSITION TO THE LG DEFENDANTS' MOTION TO
TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

## **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..........................................................................................................1

II.     STATEMENT OF THE FACTS ...................................................................................2

      A.      FISI and the Patents-in-Suit ..............................................................................2

      B.      The LG Defendants.............................................................................................3

      C.      The Complaint and Accused Products ...............................................................4

III.    LEGAL STANDARD ....................................................................................................4

IV.     ARGUMENT .................................................................................................................5

      A.      LG Has Not Shown That This Case Could Have Been Brought in New
            Jersey..................................................................................................................5

      B.      The Private Factors Do Not Support Transfer ...................................................6

      C.      The Public Factors Do Not Support Transfer ...................................................14

      D.      Even If New Jersey Was A Viable Venue, Which It Is Not, Predicate
            Venue Discovery Is Necessary On The Matter of Convenience ..........................15

V.      CONCLUSION.............................................................................................................15

## TABLE OF AUTHORITIES

**Page**

### Cases

*Core Wireless Licensing S.A.R.L. v. LG Elecs. Inc.*,
No. 14-cv-911, Dkt. 55 (E.D. Tex. Apr. 20, 2015) ...................................................7

*Core Wireless Licensing S.A.R.L. v. LG Elecs. Inc.*,
No. 14-912, 2016 WL 4265034 (E.D. Tex. Aug. 12, 2016) ...............................8, 11

*Core Wireless Licensing S.a.r.l. v. LG Elecs. Inc.*,
No. 14-cv-911, 2015 WL 5143395 (E.D. Tex. Sept. 1,  2015) .......................14, 15

*Gemalto S.A. v. HTC Corp.*,
No. 10-561, 2011 WL 5838212 (E.D. Tex. Nov. 18, 2011) .............................5, 6

*In re Genentech*,
566 F.3d 1338 (Fed. Cir. 2009) ......................................................................14

*Mohamed v. Mazda Motor Corp.*,
90 F. Supp. 2d 757 (E.D. Tex. 2000) ................................................................11

*Pabst Licensing GMBH & Co., KG v. Apple, Inc.*,
No. 15-cv-1095, Dkt. 143 (E.D. Tex. Sep. 30, 2016) ........................................14

*PersonalWeb Techs., LLC v. NEC  Corp. of Am., Inc.*,
No. 6:11-CV-655, 2013 WL 9600333 (E.D. Tex. Mar. 21, 2013) .......................10

*Raytheon Co. v. Cray, Inc.*,
No. 15-1554, 2017 WL 2813896 (E.D. Tex. June 29, 2017) ...............................5

*Rockstar Consortium US LP v. Google Inc.*,
2014 WL 4748692 (E.D. Tex. Sept. 23, 2014) ...................................................12

*Rockstar Consortium US LP v. LG Elecs., Inc.*,
No. 13-cv-898, Dkt. 35 (E.D. Tex. Mar. 25, 2014) ............................................7

*Saint Lawrence Commc'ns LLC v. LG Elecs., Inc.*,
No. 14-1055, Dkt. 38 (E.D. Tex. May 4, 2015) ..................................................7

*Saint Lawrence Commc'ns LLC v. LG Elecs., Inc.*,
No. 14-1055, 2015 WL 7854738 (E.D. Tex. Dec. 3, 2015) .............................8, 11

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
137 S. Ct. 1514 (2017) .....................................................................................5

*Tex. Data Cp., LLC v. Target Brands, Inc.*,
771 F. Supp. 2d 630 (E.D. Tex. 2011) ..............................................................11

*Uniloc USA, Inc. v. Google, Inc.*,
No. 16-cv-566-JRG, Dkt. 75 (E.D. Tex. May 15, 2017) ......................................8

*Uniloc USA Inc. v. Samsung Elecs Am., Inc.*,
   No. 16-cv-642-JRG, Dkt. 216 (E.D. Tex. Apr. 19, 2017) ........................................................8

*VStream v. LG Elecs.*,
   No. 14-cv-296, Dkt. 61 (E.D. Tex. Sept. 24, 2014)............................................................3, 7

*In re Vistaprint*,
   628 F.3d 1342 (Fed. Cir. 2010)..........................................................................................14

*In re Volkswagen  AG*,
   371 F.3d 201 (5th Cir. 2004) ................................................................................4, 5, 9, 11, 12

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ..............................................................................................5

*In re Volkswagen of Am., Inc.*,
   566 F.3d 1349 (Fed. Cir. 2009)......................................................................................13, 14

*Wi-LAN, Inc. v. HTC Corp.*,
   No. 11-68, 2012 WL 2461112 (E.D. Tex. June 27, 2012).....................................................6

## **Statutes**

28 U.S.C. §1400(b) ................................................................................................................5

Plaintiff Fundamental Innovation Systems International LLC ("FISI" or "Plaintiff") hereby submits its Opposition to the LG Defendants' Motion to Transfer Venue (Dkt. 48).[1]

## I.      INTRODUCTION

FISI's decision to pursue its claims in the Eastern District of Texas ("EDTX") should not be disturbed unless LG can prove that this case "could have been filed" in a different venue that is "clearly more convenient."  LG's motion fails to satisfy that high burden.

As a threshold matter, LG has not shown that this case could have been filed in New Jersey.  Venue in a patent action is only proper in a defendant's state of incorporation, or where the defendant has committed acts of infringement and has an established place of business.  At least LGEAI is not incorporated in New Jersey and has no regular and established place of business there; thus, FISI could not have originally filed this suit in that district.

Even if this case could have been filed in New Jersey, LG fails to demonstrate that New Jersey is clearly more convenient.  At most, LG offers vague assertions that sales and marketing witnesses and documents for some of the accused products are located in New Jersey.  But LG fails to identify with specificity any hard copy documents that are located in New Jersey, or to explain what testimony in particular it expects to offer through the witnesses it has identified— much less why it would call a dozen witnesses to testify about sales and marketing of a subset of the accused products.  By selectively focusing on documents and witnesses in New Jersey, LG fails to account for the bulk of the evidence relevant to the central issues in this case, including evidence relating to the accused mobile devices, and technical documents and witnesses relevant to infringement.   LG has consistently represented in previous cases that LG's technical

---

[1]   "The LG Defendants" are LG Electronics, Inc. ("LGEKR"), LG Electronics U.S.A., Inc. ("LGEUS"), LG Electronics MobileComm U.S.A., Inc. ("LGEMU"), LG Electronics Mobile Research U.S.A., LLC ("LGEMR"), and LG Electronics Alabama, Inc. ("LGEAI").

documents and witnesses are located in Korea and California, not New Jersey.  Furthermore, LG admits that LGEUS, LGEAI, LGEMU and LGEMR all have facilities and/or employees in Texas, including facilities in the EDTX that service and sell accused products.  The evidence that LG fails to address in its motion strongly supports venue in this district, and not New Jersey.

LG's motion further fails to account for multiple factors weighing against transfer, including the location of FISI's documents and witnesses, as well as those of relevant third parties, and judicial economy.  FISI has its principal place of business in the EDTX.  Texas Instruments ("TI") and Qualcomm, who supply components that are relevant to the infringing features of the accused products, are headquartered in Texas and California, respectively; and Qualcomm has engineering facilities in Texas as well.  And BlackBerry, the original owner of the Patents-in-Suit, has its U.S. headquarters in Texas.  LG also ignores FISI's co-pending action against Huawei, which has been consolidated with this case, and which involves the same patents-in-suit and the same battery charging components supplied by TI.  All of the above factors strongly weigh against transfer, particularly when compared to the minimal sources of proof that may be located at LG's facilities in New Jersey.

## II.     STATEMENT OF THE FACTS

### A.     FISI and the Patents-in-Suit

FISI alleges in this case that LG infringes seven patents.  (Dkt. 33.)  The Patents-in-Suit relate to inventions originally developed by engineers at Research In Motion Limited ("RIM"), later reorganized as BlackBerry Ltd. ("BlackBerry").  BlackBerry's present U.S. headquarters are in Irving, Texas and Pleasanton, California.  Hagiz Ex. A.

BlackBerry assigned the Patents-in-Suit to FISI in 2015.  Thompson Decl. ¶3.  FISI is a Delaware limited liability company with its principal place of business in Flower Mound, Texas,

2

in the EDTX.  *Id.* at ¶2.  FISI has three individuals who work in its offices in Flower Mound, including FISI's President, Craig Thompson, its General Counsel and Secretary, Collin Hayes, and its financial controller, Pam Elliott.  *Id.* at ¶¶1-2  All of FISI's documents concerning the Patents-in-Suit and its business operations are located or accessible in Flower Mound.  *Id.* at ¶3.  FISI does not have any offices or facilities located in New Jersey.  *Id.* at ¶2.

On or about November 18, 2015, FISI engaged TnT IP, an IP consulting firm, co-founded by Mr. Thompson and Mr. Ozer Teitelbaum, which specializes in providing expert IP advice and services to global clients, like FISI.  *Id.* at ¶4.  TnT IP is a Texas LLC and its headquarters are in Flower Mound, Texas.  *Id.*  TnT IP assists FISI with patent analysis and licensing, including with respect to the Patents-in-Suit.  *Id.*  All of the Partners of TnT IP are experienced IP attorneys.  *Id.* at ¶5.  TnT IP has two employees in the EDTX—Craig Thompson and James Profitt—and a third—Chad Hilyard—who resides in Colorado but works in Flower Mound on a regular basis.  *Id.*  Mr. Hilyard has responsibility for FISI's licensing discussions with LG.  *Id.*  TnT IP maintains its files on the FISI matters in Flower Mound, Texas.  *Id.* at ¶6.

### B.    The LG Defendants

There are five LG Defendants in this case.  Only two, LGEUS and LGEMU, have offices in New Jersey.  Mot. at 3-4.  LGEMR is headquartered in San Diego, California, and LGEMU has offices and over one-hundred employees located in San Diego, California.  *See VStream v. LG Elecs.*, No. 14-cv-296, Dkt. 61 at 7 (E.D. Tex. Sept. 24, 2014); Dkt. 48-1 at ¶13.  LGEUS, LGEMU, and LGEMR also have employees in Texas (Dkt. 48-1 at ¶¶11-13), and LGEUS has a distribution facility in the EDTX (Hagiz Exs. B & C; Dkt. 48-1 at ¶11).

LGEKR is located in South Korea and is responsible for the design, development, and manufacturing of the accused products.  Mot. at 4.  LGEAI is headquartered in Huntsville,

Alabama, and is responsible for service and repair of all LG products purchased in the U.S. Hagiz Ex. D.  LGEAI operates a service center for the repair and sale of the accused LG mobile phones and mobile device chargers in Ft. Worth, Texas, which is located in Denton County in the EDTX.  Hagiz Exs. C & E; Mot. at 4 n.1; Dkt. 48-1 at ¶14.  LGEKR and LGEAI are key sources of proof because they have technical documents and witnesses, and LGEAI is committing infringing acts in the EDTX by using and selling accused products there.  LGEKR and LGEAI do not have any employees or offices in New Jersey.  *See* Mot. at 3-4.

### C.     The Complaint and Accused Products

FISI filed its Complaint against the LG Defendants on December 16, 2016, asserting infringement of the '111, '550, '766 and '586 Patents.  (Dkt. 1.)  On the same day, FISI filed a separate action asserting the same four patents against a group of Huawei defendants, along with one additional patent, the '655 Patent.[2]  On May 5, 2017, FISI filed an amended Complaint adding claims for infringement of the '655 Patent, as well as the '514 and '319 Patents.  (Dkt. 33).  The Huawei and LG actions have been consolidated for pretrial purposes.  (Dkt. 27.)

FISI alleges that certain LG mobile devices, including phones and tablets, infringe five of the seven Patents-in-Suit.  FISI also alleges that certain LG monitors, laptops and mobile device charging adapters infringe the remaining two Patents-in-Suit.  The accused mobile phones, tablets and monitors include integrated circuits supplied by TI and Qualcomm, which FISI alleges provide at least a portion of the infringing functionality.  Hagiz ¶19.

## III.   LEGAL STANDARD

The threshold issue under §1404(a) is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen*

---

[2]   *Fundamental Innovation Systems Int'l LLC v Huawei Investment & Holding Co., Ltd.*, No. 16-cv-01424 (E.D. Tex. Dec. 16, 2016).

*AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").   "[T]he defendant has the burden to prove both personal jurisdiction and venue in the transferee court."  *Gemalto S.A. v. HTC Corp.*, No. 10-561, 2011 WL 5838212, at *2 (E.D. Tex. Nov. 18, 2011).  In a patent infringement case, venue is proper in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. §1400(b); *see also Raytheon Co. v. Cray, Inc.*, No. 15-1554, 2017 WL 2813896, at *2 (E.D. Tex. June 29, 2017). "[A] domestic corporation 'resides' only in its State of incorporation."  *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1517 (2017).

If the threshold inquiry is met, the Court may consider the convenience of the forum to parties and witnesses, and other factors.  The moving party bears the burden of proving "good cause" to transfer by "demonstrat[ing] that the transferee venue is clearly more convenient."  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*").  In evaluating whether this burden has been met, the Court may consider certain private and public factors, which are recited in LG's Motion at pages 9 and 14.  *See also Volkswagen I*, 371 F.3d at 203.

## IV.   ARGUMENT

### A.   LG Has Not Shown That This Case Could Have Been Brought in New Jersey

As a threshold inquiry, LG must prove that FISI could have originally filed this action in New Jersey.  *See Volkswagen I*, 371 F.3d at 203.  LG is therefore required to show that venue was appropriate for each Defendant, meaning that they are each incorporated in or have a regular and established place of business in New Jersey.  *See TC Heartland*, 137 S. Ct. at 1517.  LG has failed to make this showing.  LG's motion contends that all defendants are "registered to do business in New Jersey," but asserts that only LGEUS, LGEMU, and LGEMR have places of business or employees within New Jersey.  Mot. at 9.  LG does not identify any LGEAI facilities

or employees in New Jersey.  Indeed, by asserting that "LGEAI **consents** to jurisdiction in D.N.J." (Mot. at 9 n.3 (emphasis added)), LG concedes that venue is not proper for LGEAI in New Jersey and, thus, this case could *not* have been brought against LGEAI in New Jersey. *Gemalto S.A. v. HTC Corp.*, 2011 WL 5838212, at *3 (rejecting Defendant's post-hoc consent to jurisdiction in transferee forum, where Defendants fell "short of showing a *prima facie* case that *all* Defendants were subject to jurisdiction in the transferee forum at the time of filing.")

LG's citation to cases involving transfer to New Jersey are irrelevant as those cases named only a subset of the LG defendants in this case.  Mot. at 9.  In particular, LGEAI was not a defendant in any of those cases.

Because LG cannot satisfy this threshold inquiry, transfer is improper and the motion should be denied.  *See Wi-LAN, Inc. v. HTC Corp.*, No. 11-68, 2012 WL 2461112, at **2-3 (E.D. Tex. June 27, 2012) (denying motion to transfer because defendant "failed to meet its burden to satisfy the threshold inquiry under the § 1404 analysis").

### B.      The Private Factors Do Not Support Transfer

LG's motion contends that New Jersey is a more convenient forum because it may rely on certain LGEUS and LGEMU sales and marketing documents and witnesses located in New Jersey.  LG also contends that third-party prior art documents and witnesses **may** be located in New Jersey.  LG, however, ignores the numerous sources of evidence located in Texas and in California, for which Texas is undeniably a more convenient forum.  Indeed, by LG's own admission in other cases, the majority of its evidence is located in Korea or California, not in New Jersey.  And LG admits in this case that LGEAI operates a facility in the EDTX at which the accused products are used and sold, and LGEAI, LGEUS, LGEMU and LGEMR all have employees in Texas.  LG's minimal showing of some convenience for some witnesses in New

Jersey fails to demonstrate that New Jersey is "clearly more convenient."

### 1. LG Has Not Shown That Sources of Proof Are More Accessible in New Jersey

This factor considers the relative ease of access to sources of proof.  LG's argument that the "vast majority of relevant documents are located in D.N.J." (Mot. at 10) is contradicted by LG's own representations to this Court in other cases.  It appears that LG's relevant sources of proof are mostly located in Korea, California and the EDTX.  Evidence from FISI and key third-parties is located in this District or in Texas.  Accordingly, this factor weighs against transfer.

The accused products in this case include LG mobile devices, charging adapters for mobile devices, monitors and laptops.  Hagiz ¶19.  Of the accused products, the mobile devices and their related charging adapters are the largest volume.  *Id.*  All seven of the Patents-in-Suit are asserted against LG's mobile devices or mobile device charging adapters, whereas only two patents are asserted against monitors and laptops.  *Id.*

LG has repeatedly represented to this Court that LG's sales and marketing evidence for mobile devices is located in Korea and California.  In *Saint Lawrence v. LG Electronics, Inc.*, LG sought transfer to the C.D. Cal. on the basis that "documents relating to LGEMU's importation, sales, and marketing of LG's accused mobile phones are located in San Diego." No. 14-cv-01055, Dkt. 38 at 4-5 (E.D. Tex. May 4, 2015); *see Core Wireless Licensing S.A.R.L. v. LG Elecs. Inc.*, No. 14-cv-911, Dkt. 55 at 9 (E.D. Tex. Apr. 20, 2015) ("The bulk of LG's document production is likely to come from Korea and California."); *VStream v. LG Elecs.*, No. 14-cv-296, Dkt. 61 at 7 (E.D. Tex. Sept. 24, 2014) ("LGEMU employs more than one hundred employees in its San Diego office.").  In another case, LG represented that LGEUS "is only in the business of marketing ***non-mobile*** consumer products." *Rockstar v. LG Elecs., Inc.*, No. 13-cv-898, Dkt. 35 at 10, n.7 (E.D. Tex. Mar. 25, 2014).  Indeed, LG admits that LGEUS's

documents in New Jersey relate only to monitors, not mobile devices.  Mot. at 10.  Thus, at best, LGEUS has some evidence in New Jersey concerning sales and marketing of monitors, and LGEMU has some evidence in California concerning sales and marketing of mobile devices. Considering that more mobile devices are at issue in this case than monitors, it defies belief that *eight* LGEUS sales and marketing employees will be witnesses in this case.  Mot. at 5.

Moreover, evidence concerning sales and marketing is far less important than evidence concerning the design, development and operation of the accused products.  LG cites no technical sources of proof in New Jersey.  As LG's corporate representative previously testified, "source code for [LG's mobile phones], as well as engineering and technical documents related to [LG's mobile phones], are stored on a server in South Korea," not in New Jersey.  *Saint Lawrence Commc'ns LLC v. LG Elecs., Inc.*, No. 14-1055, 2015 WL 7854738, at *3 n.3 (E.D. Tex. Dec. 3, 2015); *Core Wireless Licensing S.A.R.L. v. LG Elecs. Inc.*, No. 14-912, 2016 WL 4265034, at *5 (E.D. Tex. Aug. 12, 2016) ("Most of the relevant discovery in LG's possession is located in Korea.").  And, as discussed further below, the accused products use relevant integrated circuits that are supplied by TI and Qualcomm, which both have facilities in Texas.

Even if sales and marketing documents for some accused products are in New Jersey, "in today's digital world computer stored documents are readily moveable to almost anywhere at the click of a mouse."  *Uniloc USA Inc. v. Samsung Elecs Am., Inc.*, No. 16-cv-642-JRG, Dkt. 216 at 8-9 (E.D. Tex. Apr. 19, 2017).  LG's motion does not contend that any *hard copy* documents are in New Jersey.  Mot. at 3.  To the extent that electronic documents are in New Jersey, but accessible from other locations, such documents should have no bearing on this factor.  *See Uniloc USA, Inc. v. Google, Inc.*, No. 16-cv-566-JRG, Dkt. 75 at 5 (E.D. Tex. May 15, 2017).

LG also fails to address the fact that LGEUS, LGEMU, LGEMR and LGEAI all have

employees and/or facilities in the EDTX.  Indeed, LGEAI has a "mobile repair facility in Fort Worth, Texas, from which it sells replacement phone chargers to third-party entities."  Mot. at 5, n.1.  Those phone chargers are accused products and that facility is in the EDTX.  Hagiz ¶19 & Exs. C & E.  Thus, LG has significant sources of proof in this District.

LG also fails to account for significant sources of proof from FISI in the EDTX. Documents relating to the prosecution, licensing and acquisition of the Patents-in-Suit are in or accessible from FISI's offices in the EDTX.  Moreover, FISI's President, General Counsel and Secretary, and financial controller work in the EDTX.  Thompson Decl. ¶2.  Furthermore, TnT IP's licensing lead for LGE, Chad Hilyard, lives in Colorado and works out of FISI's offices on a regular basis.  *Id.* at ¶5.  Thus, significant sources of proof exist in the EDTX as relates to FISI.

Finally, with the exception of one person—Ozer Teitelbaum—TnT IP's partners in New Jersey are not a significant source of proof.  As noted above, TnT IP is a firm comprised of IP attorneys who provide IP advice and services to a number of global clients like FISI.  TnT IP's relationship with FISI is akin to a contracted advisor and consultant, which should have no bearing on the venue analysis.  *See Volkswagen I*, 371 F.3d at 206 ("[T]he convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a).").  At best, LG's identification of TnT IP partners in New Jersey shows that there are TnT IP witnesses in both the EDTX and in New Jersey, which does not support a conclusion that New Jersey is clearly more convenient.  Moreover, all TnT IP employees are willing to appear for trial in EDTX, and indeed prefer that this case proceed in EDTX.  Thompson Decl. ¶6.

### 2. The Availability of Compulsory Process in the Eastern District of Texas Weighs Against Transfer

This factor considers the availability of compulsory process to secure the attendance of relevant third-party witnesses at trial.  As LG notes, this factor "will weigh the heaviest for

transfer when a transferee venue has subpoena power over important third-party witnesses for both depositions and trial."  Mot. at 12.  Because there are multiple key third-party sources of evidence located in Texas, and none in New Jersey, this factor weighs heavily against transfer.

There are three key third-party sources of evidence in this case:  TI, Qualcomm and BlackBerry.  With respect to TI and Qualcomm, the accused products incorporate chips that are supplied by these companies.  Hagiz ¶¶19-20.  Those chips are important to a determination of whether LG's accused products infringe and FISI intends to seek discovery concerning the design and operation of the chips from these companies.  *Id*.  TI is headquartered in Dallas, Texas.  *Id.* at Ex. F.  Qualcomm is headquartered in San Diego, CA, but also has offices in Austin, Texas.  *Id.* at Exs. G & H.  Compulsory process is available for TI and Qualcomm in Texas, but LG has offered no evidence of TI or Qualcomm employees in New Jersey.

BlackBerry is the original owner of the Patents-in-Suit and has information regarding the development of the inventions and licensing and sale of the Patents-in-Suit.  *Id*.  BlackBerry has its U.S. headquarters in Irving, Texas.  *Id.* at Ex. A.  LG has offered no evidence that BlackBerry has any facilities, employees, or documents in New Jersey.

In addition to the highly relevant evidence from BlackBerry, TI and Qualcomm, LG admits that the prosecuting attorneys for two of the Patents-in-Suit reside in the EDTX, and would be subject to compulsory process in Texas but not New Jersey.  Mot. at 8.  In contrast, none of the prosecuting attorneys are located in New Jersey.  *Id.*

The only true third-party in New Jersey that LG identifies is Lucent Technologies.  Mot. at 7.  LG asserts that Lucent employees may have information concerning development of the USB 2.0 specification, which LG contends is prior art.  As the Court has recognized, however, "inventors of prior art rarely, if ever, actually testify at trial."  *PersonalWeb Techs., LLC v. NEC*

*Corp. of Am., Inc.*, No. 6:11-CV-655, 2013 WL 9600333, at *8 (E.D. Tex. Mar. 21, 2013).  In any event, of the four Lucent employees identified as contributors in the USB specification, at least three are not in New Jersey.[3]  Hagiz Ex. I, J.  Rather, they are located in Orlando, FL, Simi Valley, CA and Chicago, IL.  *Id.* at Ex. J.  Indeed, LG has not shown that any contributor to the USB specification is located in New Jersey, what their testimony would be, or whether they are unwilling to testify in Marshall.  *See Tex. Data Cp., LLC v. Target Brands, Inc.*, 771 F. Supp. 2d 630, 643 (E.D. Tex. 2011); *Mohamed v. Mazda Motor Corp.,* 90 F. Supp. 2d 757, 775 (E.D. Tex. 2000) ("The moving party must 'specifically identify key witnesses and outline the substance of their testimony.'").  Furthermore, at least two USB contributors, Ken Stufflebeam and Venkat Iyer, appear to have been located or are located in Texas, and others are located in Colorado, which is closer to the EDTX than to New Jersey.  Hagiz Exs. K & L.

Finally, LG's reliance on TnT IP is irrelevant because TnT IP acts in an advisor and consultant capacity on behalf of FISI and, therefore, is not truly a third-party.  *See Volkswagen I*, 371 F.3d at 206; *Tex. Data Cp.*, 771 F. Supp. 2d at 643.  Even if considered, as noted above, TnT IP is based in the EDTX, and the witnesses of most relevance are located in the EDTX and, indeed, would prefer to attend trial in the EDTX.  *Id.*  Thus, LG has failed to show that they will require application of the Court's subpoena power.

### 3.      The Cost of Attendance for Willing Witnesses Weighs Against Transfer

"In assessing this factor, the Court considers the convenience of both party and non-party witnesses."  *Saint Lawrence*, 2015 WL 7854738, at *4.  "A district court should assess the relevance and materiality of the information the witness may provide."  *Core Wireless*, 2016 WL

---

[3] FISI has been unable to locate information concerning Jim Clee.  However, LG has not submitted any evidence showing that Mr. Clee is located in New Jersey.

4265034, at *3.  When the distance between the existing venue and the proposed venue "is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Volkswagen I*, 371 F.3d at 204-05.

LG's only argument concerning this factor is that "the vast majority of LG's relevant witnesses and documents are located in New Jersey or Korea."  Mot. at 13.  LG does not, however, identify a single willing witness that it intends to bring to trial or outline the testimony such witnesses are likely to provide.  Rather, LG identifies twelve sales and marketing employees who "may be potential witnesses in connection with this litigation."  Yoon Decl. at ¶¶16-17.  This is not sufficient to carry LG's burden.  *See Rockstar Consortium US LP v. Google Inc.*, 2014 WL 4748692, at **4-5 (E.D. Tex. Sept. 23, 2014).

Moreover, as discussed above LG has previously represented that the relevant documents and witnesses concerning LG's sales and marketing of mobile devices are located in California, not New Jersey.  For these witnesses, attending trial in Texas is less costly than travelling to New Jersey.  *See* Hagiz Ex. M.  Even if LG has relevant documents and witnesses in New Jersey, they are far from being the most relevant.  There is simply no reason to believe that LG would ever bring twelve sales and marketing witnesses to trial and LG has failed to offer evidence that even a single one will attend or what they would testify to.  In fact, in a recent patent trial in this district involving LG's mobile devices, LG identified four LG employees on its witness list and not a single one is located in New Jersey.[4]  *See* Hagiz Ex. N.  The far more significant witnesses in this case are those knowledgeable about the technical details of the accused products.  For LG, those witnesses are located in Korea and LG concedes that the EDTX is equally convenient.  *See* Mot. at 13, n. 4.

---

[4]  The LG employee witnesses identified in the *Core Wireless* case are located in South Korea, Washington, California and Illinois.  Hagiz Ex. O.

In contrast to LG's failure to identify any willing witnesses who will actually attend trial, FISI intends to bring as a key witness FISI's President, Mr. Craig Thompson, who is located in the EDTX.  Thompson Decl. ¶7.  FISI expects Mr. Thompson will testify concerning at least FISI's business, technology development, and the acquisition of the Patents-in-Suit.  *Id.*

Finally, LG also fails to acknowledge that it has previously conceded that the EDTX is a convenient forum for its witnesses by filing suits here and moving to transfer at least one prior case here.  *See* Hagiz ¶23, Ex. P.  In connection with a case filed by Hitachi against LG in the N.D. Cal., LG sought and obtained a transfer of the case to the EDTX, arguing that the EDTX was "clearly more convenient."  Hagiz Ex. P.  LG did not seek to transfer that case to New Jersey, nor did LG identify a single witness in New Jersey.  Instead, LG focused entirely on employees in South Korea, arguing that Texas is clearly more convenient because "most fact witnesses, if not all, will have to cross the Pacific Ocean to attend trial."  *Id.* at p. 21.

### 4.    Other Practical Problems Weigh Against Transfer

LG wrongly concludes that "[n]o practical problems exist that would deter this Court from transferring this case to D.N.J."  Mot. at 13.  LG completely ignores the fact that this case has been consolidated with a co-pending case against Huawei that involves five of the same asserted patents.  The accused Huawei products also use chips that are supplied by TI.  Hagiz ¶19.  Thus, discovery from TI will be relevant to both the LG case and the Huawei case.

This Court and the Federal Circuit have repeatedly found that "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice."  *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen III*").  The Court in *Volkswagen III* denied transfer in light of multiple cases with "significant overlap" where "a familiarity with the patents could preserve time and

13

resources." *Id.*  Similarly, in *Pabst Licensing GMBH & Co., KG v. Apple, Inc.*, the Court found that "co-pending litigation before the court involving the same patents and underlying technology provides a substantial justification for maintaining the suit in the transferor venue." No. 15-cv-1095, Dkt. 143 at 10 (E.D. Tex. Sep. 30, 2016); *see also In re Vistaprint*, 628 F.3d 1342, 1347 (Fed. Cir. 2010) ("[I]t is entirely within the district court's discretion to conclude that in a given case the § 1404(a) factors of public interest or judicial economy can be of 'paramount consideration.'").  As in those cases, judicial economy favors keeping this case in the EDTX.

## C.   The Public Factors Do Not Support Transfer

### 1.   Administrative Difficulties Flowing From Court Congestion

LG concedes that "the court may consider how quickly a case will come to trial and be resolved." Mot. at 14 (citing *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009)).  The Court has already set a trial date of September 10, 2018, which means that this case will go to trial in approximately 14 months.  In contrast, the median time to trial for cases filed in the district of New Jersey is 32.4 months.  Hagiz Ex. Q.  Thus, this factor also strongly weighs against transfer.

### 2.   Local Interest in Having Localized Interests Decided at Home

FISI is headquartered in the EDTX, and its President works in the EDTX.  FISI is actively engaged in the acquisition, prosecution, and licensing of the Patents-in-Suit, and operates out of its headquarters in the EDTX.  FISI has also had in-person licensing meetings with multiple companies in the EDTX.  Thompson Decl. ¶3.

Furthermore, LGEUS, LGEAI, LGEMU and LGEMR all have facilities and/or employees in the EDTX, and LGEAI sells infringing products from the EDTX.  *See* Mot. at 5 n.3.  Thus, the EDTX has a substantial local interest in hearing this dispute.  *See Core Wireless Licensing S.a.r.l. v. LG Elecs. Inc.*, No. 14-cv-911, 2015 WL 5143395, at *8 (E.D. Tex. Sept. 1,

2015) (finding strong local interest where plaintiff "performs patent prosecution, portfolio maintenance, engineering analysis, due diligence activities, patent acquisition support, and licensing support in Plano, Texas").

New Jersey's interest in this case, by contrast, is limited.  LG only contends that certain marketing and sales decisions may take place in New Jersey.  Mot. at 15.  However, the local interests factor must be based on a connection to "the events that gave rise to this suit."  *Core Wireless*, 2015 WL 5143395, at *8.  LG's motion is silent as to the majority of the issues to be decided in this case, such as the development, design, and operation of the accused products. And New Jersey has no interest in the claims against LGEKR and LGEAI, which do not have facilities or employees in New Jersey.  Accordingly, this factor weighs against transfer.

As LG notes, the remaining public interest factors, including familiarity of the forum with the governing law and avoidance of conflicts of laws, are not at issue here, and are neutral.

### D.     Even If New Jersey Was A Viable Venue, Which It Is Not, Predicate Venue Discovery Is Necessary On The Matter of Convenience

To the extent the Court does not determine that LG failed to satisfy its burden in favor of transfer, FISI respectfully requests the opportunity to conduct limited discovery concerning venue-related issues, particularly in light of the inconsistencies between LG's assertions concerning the location of witnesses and documents in this case, and representations that LG has made in other cases.  Moreover, while LG has admitted it has employees and facilities in the EDTX, including operations, such as those of LGEAI, which are clearly relevant, FISI would request the opportunity to seek discovery concerning its employees and operations.

### V.     CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

Dated:  July 7, 2017

*S. Calvin Capshaw*

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
CAPSHAW DERIEUX LLP
114 East Commerce Avenue
Gladewater, Texas 75647
Tel:  (903) 845-5770

Edward J. DeFranco (pro hac application
forthcoming)
eddefranco@quinnemanuel.com
Brian P. Biddinger (admitted in this District)
NY Bar No. 4479382
brianbiddinger@quinnemanuel.com
Joseph Milowic III (pro hac application
forthcoming)
josephmilowic@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel. (212) 849-7000
Fax (212) 849-7100

Kevin P.B. Johnson (pro hac application
forthcoming)
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel. (650) 801-5000
Fax (650) 801-5100
kevinjohnson@quinnemanuel.com

*Attorneys for Plaintiff Fundamental Innovation
Systems International LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on July 7, 2017.


/s/ S. Calvin Capshaw
S. Calvin Capshaw