# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, | § § § § § § § § § § § § § § § § |
| *Plaintiff*, | |
| v. | |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A. INC., LG ELECTRONICS MOBILE RESEARCH U.S.A. LLC, LG ELECTRONICS ALABAMA, INC., | |
| *Defendants*. | |

Case No. 2:16-cv-01425-JRG-RSP

## **MEMORANDUM OPINION AND ORDER**

The LG defendants move to transfer this patent infringement lawsuit to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Dkt. No. 48. Because the LG defendants have not met their burden of showing that the District of New Jersey would have had personal jurisdiction over one of the defendants, LG Electronics Alabama, Inc. ("LG Alabama"), the motion to transfer is denied.

The threshold inquiry under § 1404(a) is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). This requires a showing that the transferee court would have had personal jurisdiction over all the defendants, and that venue would have been proper for all the defendants. *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) (discussing "requirement that the transferee court have jurisdiction over the defendants in the transferred complaint."); *Self v. M&M Chemical Co.*, 177 F.3d 977 (5th Cir. 1999) (noting that the possible transferee courts would likely be able to assert jurisdiction "over all of the defendants").

1

A transfer motion should be denied when this threshold burden has not been met. *See, e.g.*, *Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. Appx. 86, 106 (10th Cir. 2012), *cert. denied*, 133 S. Ct. 941 (2013) ("Accordingly, the plaintiffs have not met their burden to show that the United States District Court for the Eastern District of California would have personal jurisdiction over the defendants, so the district court rightly declined to transfer this action there.").

A federal court may exercise personal jurisdiction over a nonresident to the extent authorized by the law of the state. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). In New Jersey, "courts may exercise jurisdiction over a nonresident defendant to the uttermost limits permitted by the United States Constitution." *Nicastro v. McIntyre Mach. Am., Ltd.*, 201 N.J. 48, 72 (2010) (internal quotation marks omitted), *rev'd on other grounds sub nom.*, *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011). Accordingly, New Jersey courts ask "whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (citation omitted).

Personal jurisdiction may be general or specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). (internal quotation marks omitted). A corporation's principal place of business is where the corporation's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Id.* at 761 (citation omitted).

Specific jurisdiction requires that the defendant "has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted).

Additionally, due process requires that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Presence in the forum by itself "is insufficient to establish personal jurisdiction" over a defendant. *Choi v. Damul Corp.*, No. 12-2440, 2014 WL 314669, at *7 (D.N.J. Jan. 27, 2014).

FISI's complaint alleges that LG Alabama is an Alabama corporation with a principal place of business in Huntsville, Alabama. Compl. ¶ 7, Dkt. No. 33. The complaint also alleges that LG Alabama "provides customer service for all official LG brand products purchased in the United States." *Id.* These allegations are consistent with the declaration submitted by LG Electronics' Director and Senior IP Counsel, Hongsun Yoon. Dkt. No. 48-1. Mr. Yoon states that LG Alabama is in fact an Alabama corporation headquartered in Huntsville, and that LG Alabama services and repairs LG products sold in the United States. *Id.* ¶ 5. Mr. Yoon further states that LG Alabama "has been registered to do business in New Jersey since March 2001." *Id.*

The LG defendants rely primarily on LG Alabama's registration to do business in New Jersey to support the conclusion that the District of New Jersey would have had personal jurisdiction over LG Alabama. Consistent with Mr. Yoon's declaration, the LG defendants' original motion highlights that LG Alabama is "registered to do business in New Jersey." *See* Dkt. No. 48. After FISI challenged whether the LG defendants had met their threshold burden for transfer, the LG defendants again only emphasized that LG Alabama "is registered to do business in New Jersey and has a registered agent for service of process in New Jersey, and is therefore subject to personal jurisdiction in D.N.J." *See* Dkt. No. 73.

The reliance on LG Alabama's registration to do business in New Jersey is not enough. New Jersey courts have held that after the Supreme Court's decision in *Daimler*, registering to do

business in New Jersey or appointing an agent for service of process is not sufficient to confer general jurisdiction. *See, e.g.*, *Boswell v. Cable Servs. Co., Inc.*, No. CV 16-4498, 2017 WL 2815077, at \*4-\*6 (D.N.J. June 29, 2017) ("[T]he mere fact that Cable Services is registered to do business in New Jersey and appointed an agent to receive process does not mean that it is subject to general jurisdiction in New Jersey."). Nor are such contacts sufficient to confer specific jurisdiction when the claims do not arise out of or relate to the defendant's contacts with the forum state. *See Burger King*, 471 U.S. at 472.

LG Alabama may share officers with the corporate parent, and those officers may have a New Jersey business address or conduct business from New Jersey. But this is also not enough. For purposes of jurisdiction (and venue), each corporation must be assessed separately, absent disregard for corporate separateness. *See, e.g.*, *Soverain IP, LLC v. AT&T, Inc.*, No. 217-cv-00293-RWS-RSP, 2017 WL 5126158, at \*1 (E.D. Tex. Oct. 31, 2017), *report and recommendation adopted*, No. 2:17-CV-00293-RWS, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017); *Symbology Innovations, LLC, v. Lego Systems, Inc.*, No. 2:17-cv-86, 2017 WL 4324841 (E.D. Va. Sept. 28, 2017). The LG defendants do not argue that each LG corporate entity is effectively the same, or that the separateness between the corporate parent and LG Alabama should be disregarded. Finally, there is nothing in the record to suggest that LG Alabama owns, leases, or maintains the corporate parent's facility in Englewood Cliffs, New Jersey. Nor is there anything in the record suggesting that LG Alabama's officers do business related to FISI's claims from New Jersey.

The LG defendants argue that the District of New Jersey would have had personal jurisdiction (presumably specific jurisdiction) over all the LG defendants because of the allegations in FISI's complaint, namely allegations that the LG corporate parent sells accused products through its website and through authorized retailers and distributors. Comp. ¶ 22, Dkt.

No. 33. But there is nothing in the record to support the conclusion that LG Alabama has any role in the sale of the accused products through LG's website. Nor is there anything in the record that would permit the conclusion that there is an authorized retailer or distributor located in New Jersey that sells the accused products. FISI's complaint makes no such allegation specific to New Jersey. In fact, there is nothing in the record to permit the Court to even conclude that LG Alabama services or repairs any product that was sold from or had any relation to the state of New Jersey.

The LG defendants contend that a defendant could consent to jurisdiction or venue in the transferee forum. This, according to the LG defendants, can cure any defect with the LG defendants' initial burden regarding LG Alabama. The LG defendants' argument about consent was rejected by the Supreme Court almost 60 years ago. *See Hoffman v. Blaski*, 363 U.S. 335, 340-44 (1960). The LG defendants have the burden of showing that the case could have been bought in the transferee forum irrespective of consent or waiver. *See id.*

The remainder of defendants' arguments about LG Alabama can be summarized as follows: if it is good enough for Texas, it is good enough for New Jersey. In other words, the LG defendants emphasize that FISI's complaint groups the LG defendants into one category for purposes of pleading personal jurisdiction and venue. Thus, according to the LG defendants, if jurisdiction and venue are adequate here, jurisdiction and venue should be adequate in New Jersey. But there has never been any determination, nor challenge, regarding FISI's complaint. The LG defendants moved to transfer under § 1404(a) on June 9, 2017, Dkt. No. 48, about two weeks after the Supreme Court decided *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017), on May 22, 2017. No LG defendant has since moved to dismiss the lawsuit for lack of personal jurisdiction or improper venue. The motion to transfer under § 1404(a) would not have prevented the LG defendants from doing so. *See Aralez Pharm. Inc. v. Teva Pharm. USA, Inc.*,

No. 2:17-cv-00071-JRG-RSP, 2017 WL 3446543, at *2 (E.D. Tex. July 17, 2017) ("[A] party's motion to transfer under § 1404(a) is not an admission that venue is proper.") (citing *Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985)).

In terms of convenience, the LG defendants stress that LG Alabama really does not have much to do with this lawsuit. LG Alabama, according to defendants, merely services and repairs products, which may include accused products. As a named defendant, however, LG Alabama matters for purposes of defendants' initial burden to show that the case could have been brought in the transferee forum. *See Genentech*, 566 F.3d at 1346; *Self*, 177 F.3d at *4. Moreover, while it is possible, pursuant to Federal Rule of Civil Procedure 21, to sever and retain a defendant when it "unclear whether the entire action could have been brought in the transferee venue," *see In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1364 (Fed. Cir. 2014) (citing Fed. R. Civ. P. 21), the LG defendants have made no such request.

Finally, the Court is not saying that the District of New Jersey *cannot* exercise personal jurisdiction over LG Alabama. On another record, the conclusion that a New Jersey court would have had personal jurisdiction over LG Alabama might be supportable. But the LG defendants have not come close to making a sufficient showing in this case. Because the LG defendants have not met their burden of establishing that the District of New Jersey would have been able to exercise personal jurisdiction over LG Alabama, the motion to transfer (Dkt. No. 48) is DENIED.

**SIGNED this 28th day of December, 2017.**

                                             ROY S. PAYNE
                                             UNITED STATES MAGISTRATE JUDGE