# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, | § § § § § § § § § § § § § § § § § | Case No. 2:16-cv-01425-JRG-RSP |
| *Plaintiff*, | | |
| v. | | |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A. INC., LG ELECTRONICS MOBILE RESEARCH U.S.A. LLC, LG ELECTRONICS ALABAMA, INC., | | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

On January 3, 2018, Magistrate Judge Roy S. Payne issued an opinion and order denying the LG defendants' motion to transfer this case to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a). Dkt. No. 104. The basis of Magistrate Judge Payne's opinion was that the LG defendants had not met their threshold burden of establishing that the District of New Jersey would have had personal jurisdiction over one of the defendants, LG Electronics Alabama, Inc. ("LG Alabama"). *Id.* 3-6; *see In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004) (The threshold inquiry under § 1404(a) is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."). The LG defendants have now filed objections to Mag. Judge Payne's order. Dkt. No. 113. These defendants have also moved to stay the case pending consideration of their objections. Dkt. No. 114. For the following reasons, the LG defendants' objections are **OVERRULED**, and the motion to stay is **DENIED AS MOOT**.

DISCUSSION

For nondispositive matters referred to a magistrate judge, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). For dispositive matters, the district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). "The district judge may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

The LG defendants' original motion to transfer contained a single paragraph regarding whether this case could have been filed in the District of New Jersey:

> The threshold determination for a Section 1404(a) transfer analysis is whether the action could have been filed in the transferee judicial district. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). This action could have been filed in D.N.J. LGEUS, LGEMU, LGEMR, and LGEAI are all registered to do business in New Jersey. Yoon Decl., ¶¶ 2-5. As noted above, LGEUS, LGEMU, and LGEMR also have offices and facilities in D.N.J.3 *Id.*, ¶¶ 2-3, 7, 9-10. In fact, this District has previously found that LG has sufficient connections to D.N.J. to transfer venue there. *See, e.g.*, *Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. 2:10-cv-160-JRG, 2012 U.S. Dist. LEXIS 7569 (E.D. Tex. Jan. 23, 2012); *Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. 2:14-cv-702-JRG, 2015 U.S. Dist. LEXIS 184830 (E.D. Tex. June 3, 2015); *Indus. Tech. Research Inst. v. LG Corp.*, No. 6:10-cv-628-LED-JDL, 2011 U.S. Dist. LEXIS 154778 (E.D. Tex. Nov. 29, 2011). Waldrop Decl., Exs. Y-AA, respectively.

*See* Dkt. No. 48 at 9. Aside from highlighting other cases in which one or more LG defendants have previously been transferred to the District of New Jersey—cases that of course included different records—the LG defendants posit that LG Alabama (or "LGEAI") would have been subject to personal jurisdiction in New Jersey based on a single conclusion: that since LG Alabama is registered to do business in New Jersey, it must be subject to personal jurisdiction there.

That conclusion is incorrect. The LG defendants' motion makes no distinction (or mention) of general or specific jurisdiction, nor the differences between the two. *See* Dkt. No. 48. Yet the magistrate judge gave the LG defendants the benefit of doubt and considered both possibilities. As regards general jurisdiction, New Jersey courts have concluded that after the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014), "the mere fact that [a company] is registered to do business in New Jersey and appointed an agent to receive process does not mean that it is subject to general jurisdiction in New Jersey." *See Boswell v. Cable Servs. Co., Inc.*, No. CV 16-4498, 2017 WL 2815077, at *4–*6 (D.N.J. June 29, 2017). The assumption by LG that LG Alabama would have been subject to general jurisdiction in New Jersey, by virtue of their business registration was not supported by any proper legal authority cited in the LG defendants' original briefing.

The LG defendants' motion could have been denied on that basis alone. A defendant seeking transfer cannot provide a cursory statement regarding the threshold jurisdictional burden, then wait for a plaintiff to challenge that statement, and only then come forward with more. Other than the argument that LG Alabama would have been subject to jurisdiction in New Jersey because it is registered to do business there, the LG defendants' arguments regarding personal jurisdiction over LG Alabama (arguments made in the first instance as part of the reply and surreply) were waived.

With respect to the merits, the objections from the LG defendants state that "[t]he Court committed reversible error when it relied on regional circuit law, rather than Federal Circuit law, in analyzing whether the District of New Jersey ("D.N.J.") has personal jurisdiction over LGEAI." Dkt. No. 113 at 1. Rather than identify Federal Circuit authority contrary to the proposition set forth in New Jersey cases such as *Boswell*, however, the LG defendants simply state the following:

"Under Federal Circuit law, personal jurisdiction over LGAI is *prima facie* proper if: (1) New Jersey's ("NJ") long-arm statute permits the assertion of personal jurisdiction; and (2) the exercise of personal jurisdiction comports with federal due process." *Id.* (citation omitted). This statement is true of New Jersey as well as many other states with a long-arm statute coextensive with the federal Constitution. Magistrate Judge Payne's conclusion regarding general jurisdiction over LG Alabama was not inconsistent with this statement.[1]

New Jersey's long-arm statute states that "[t]he primary method of obtaining in person jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State . . . on any officer, director . . . or on a person at the registered office of the corporation in charge thereof . . . ." Dkt. No. 113 at 1 (quoting N.J.Ct.R. 4:4-(6)) (citing *Colida v. LG Elecs., Inc.*, 77 Fed. Appx. 523, 525 (Fed. Cir. 2003)). This provision is inapplicable here. The LG defendants sought *transfer* to New Jersey. If the argument is that personal jurisdiction attaches in New Jersey because the LG defendants were served with the Texas complaint in New Jersey, then this argument was never originally made. In sum, the LG defendants' argument that the Court failed to consider the New Jersey long-arm statute, and failed to consider whether exercising jurisdiction over LG Alabama would comport with due process, is unavailing.

In a footnote to their objections, the LG defendants state that "[a]t minimum, the Court could have severed the non-LGEAI defendants and transferred them to D.N.J." Dkt. No. 113 at 1

---

[1] For the first time in the record, the LG defendants cite a concurrence by Circuit Judge O'Malley in their objections, which suggests that at least under Delaware's long-arm statute, general jurisdiction may attach by virtue of a company's registration to do business in the State. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 768 (Fed. Cir. 2016). The complexities raised by Judge O'Malley's opinion were never raised, nor was the *Acorda* case ever cited, in the original briefing.

n. 1 (citing Fed. R. Civ. P. 21). Rule 21 might permit this result in the Court's discretion, as Magistrate Judge Payne acknowledged, *see* Dkt. No. 104 at 6, but no such request was made by the LG defendants until they objected to Magistrate Judge Payne's Report and Recommendation. Magistrate Judge Payne appropriately refused to sever and transfer the non-LG Alabama defendants to New Jersey given that no such request was ever made.

The remainder of the LG defendants' objections concern arguments regarding personal jurisdiction over LG Alabama which are made for the first time in reply and surreply. They are not timely. Notwithstanding their untimeliness, these arguments were considered by Magistrate Judge Payne. According to the LG defendants', "the uncontroverted record" establishes that LG Alabama:

> (1) conducts business in NJ;
> (2) has been registered to conduct business in NJ since March 2001;
> (3) has a registered agent for service of process in NJ
> (4) has two officers . . . and a director . . . with offices in NJ;
> (5) employs four individuals in NJ who service and repair LG products;
> (6) lists postings for jobs in NJ;
> (7) services and repairs all LG products purchased in the United States, including the Accused products in NJ; and
> (8) has sued and was previously sued in NJ and satisfied a judgment in NJ.

Dkt. No. 113 at 2. In addition, the LG defendants emphasized that "(9) FISI alleges that LGEAI makes, uses, sells, offers for sale, and imports the Accused Products via its own websites . . . ." *Id.*

The second and third points have already been addressed. With respect to the first point, although the Court could probably assume that LG Alabama "conducts business" in New Jersey, there is little, if any, evidence to support that conclusion. To support the first point that LG Alabama "conducts business in NJ," the defendants cite two documents—an attorney declaration which simply states that certain exhibits are accurate (Dkt. No. 73-1) and 79 slides (without specifying any particular slide) used during the hearing on the transfer motions (Dkt. No. 100-1).

5

Without some minimal specificity, the Court is not compelled to examine all these slides attempting to determine whether there is support for the conclusion that LG Alabama "conducts business" in New Jersey. The fourth point regarding LG Alabama officers was considered by the magistrate judge, who correctly concluded that it was not clear how shared officers between the LG defendants (who may have an office in New Jersey) could give rise to general jurisdiction over LG Alabama. Nor could there be specific jurisdiction absent some showing that these officers did work related to the accused products in New Jersey, or some other theory. *See* Dkt. No. 104 at 4-5.

The fifth through seventh points appear to relate to specific jurisdiction (though the LG defendants fail to provide any specificity). However, what is absent from each point is a clear link between these activities in the transferee forum and the cause of action. This is a principle requirement that the LG defendants appear to have overlooked. LG Alabama may employ personnel who work from New Jersey, and LG Alabama may post New Jersey jobs, but where is the nexus between these acts and the patent infringement complaint? Magistrate Judge Payne properly found this missing from the record. *See* Dkt. No. 104 at 4-6.

The seventh point appears most relevant— that LG Alabama "services and repairs all LG products purchased in the United States, including the Accused products." Dkt. No. 113 at 2. However, there is not adequate support in the record for this conclusion. Defendants cite the declaration of Hongsun Yoon at paragraph five, which only states that:

> LG Electronics Alabama ("LGEAI") is an Alabama company with an official address at 201 James Record Road, Huntsville, Alabama 35824. LGEAI's primary function is service and repair for LG products sold in the United States. LGEAI has been registered to do business in New Jersey since March 2001.

Dkt. No. 48-1 ¶ 5. The last sentence, only states again that LG Alabama is registered to do business in New Jersey. This paragraph does not suggest that LG Alabama does anything related to the

accused products in New Jersey. Nor does it suggest any sort of stream of commerce-type theory that might support the conclusion that LG Alabama is subject to specific jurisdiction in New Jersey.

As for the last two points, Magistrate Judge Payne acknowledged that on another record, it might be clear that LG Alabama could have been sued in New Jersey. Such is not the case based upon this record. *See* Dkt. No. 104 at 6. The fact that LG Alabama has previously been sued and satisfied a judgment in New Jersey says nothing, however, about this case and this record. There is also the related matter about the allegations in FISI's complaint, which Magistrate Judge Payne adequately addressed in his order. *See* Dkt. No. 104 at 5-6.

Finally, the LG defendants indicate that Judge Payne "sua sponte" denied transfer of all the LG defendants based on the finding that there was not a sufficient showing of jurisdiction for LG Alabama. *See* Dkt. No. 113 at 2. This is incorrect. FISI squarely raised the issue of personal jurisdiction over LG Alabama in their response. S*ee* Dkt. No. 67 at 5-6. Not only did the LG defendants fail to overcome the initial flaw with their motion, but there is little attention given to the personal jurisdiction issue in either the reply or surreply. What the LG defendants have said about personal jurisdiction in their objections to Magistrate Judge Payne's order are simply untimely. Magistrate Judge Payne correctly concluded that the LG defendants never established that the District of New Jersey would have had personal jurisdiction over LG Alabama. Their failure to establish this threshold leaved the Court with no option but to deny the Motion.

## CONCLUSION

The LG defendants' objections fail to identify any portion of the Report and Recommendation which is clearly erroneous or contrary to law.

Accordingly, it is **ORDERED**:

(1) The LG defendants' objections, Dkt. No. 113, are **OVERRULED**.

7

(2) The motion to transfer, Dkt. No. 48, stands **DENIED**.

(3) The LG defendants' motion to stay the case pending consideration of their objections, Dkt. No. 114, is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 13th day of February, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE