**N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, | |
| *Plaintiff,* | Case No. 2:16-CV-01425-JRG-RSP LEAD CASE |
| vs. | |
| LG ELECTRONICS, INC., et al. | |
| *Defendants.* | |
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, | |
| *Plaintiff,* | Case No. 2:16-CV-01424-JRG-RSP |
| vs. | |
| HUAWEI DEVICE USA, INC. and HUAWEI DEVICE CO., LTD., | |
| *Defendants.* | |

**DEFENDANTS' MOTION TO ENTER THE MODEL ORDER FOCUSING PATENT
CLAIMS AND PRIOR ART TO REDUCE COSTS**

LG respectfully submits the number of claims in this litigation is excessive and should be reduced in accordance with this Court's Model Order Focusing Patent Claims and Prior Art to Reduce Costs (the "Model Order") as soon as possible to permit the parties to properly complete discovery and prepare for trial.  Plaintiff Fundamental Innovation Systems International LLC ("FISI") currently asserts an unwieldy and unmanageable 92 patent claims from 7 patents against LG in this litigation.  Despite extensive attempts to reach agreement as to the Model Order, and despite extensive attempts to reach agreement to limit claims without the Model Order, if that were agreeable, at this late stage (a few days before the close of fact discovery) in the case, the parties have not been able to agree on the scope of narrowing necessary for this case.  Because of the late stage of the case, LG requests that the Court order FISI to serve a Final Elections of Asserted Claims as stated in the Model Order (16 asserted claims) within 7 days of the entry of the Order and LG to serve a Final Election of Asserted Prior Art 10 days thereafter.

## I.     FISI Has Provided No Reason for Rejecting the Model Order

By substantially reducing the claims, there is no undue prejudice to FISI other than unveiling its actual contentions against LG.  All of the asserted patents share one of two common specifications and purport to cover LG mobile products, laptops, and monitors.  Thus, no unique circumstances exist such that FISI would be prejudiced by limiting the case consistent with the Model Order.  Indeed, the Court has already ordered FISI to narrow the Samsung Litigation (*Fundamental Innovation Sys. Int'l LLC v. Samsung Elec's. Co., Ltd. et al.*, Case No. 17-cv-145-JRG-RSP, Dkt. 175), yet FISI refuses to limit the claims against LG.  FISI's refusal to limit the case in a meaningful way is inconsistent with Federal Rule of Civil Procedure 1 (from which the Model Order is provided) to "secure the just, speedy, and inexpensive determination of every action and proceeding" and thus the Court's intervention is necessary.

## II.    LG is Prejudiced By FISI's Proposal

FISI's current proposal that its Final Election of Claims be limited to 30 asserted claims is not workable because it does not do enough to reduce the claims for trial.  Thirty claims is nearly double the number of claims permitted in the Model Order's Final Election of Asserted Claims. Further, 30 claims is considerably more than FISI could reasonably try to a jury, and FISI will likely wait until the trial itself to further narrow the case.  FISI's proposal would cause LG to waste significant resources by preparing its defenses to claims that FISI knows will never be tried.  *See, e.g., Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd.*, 726 F. 3d 1359, 1364 (Fed. Cir. 2013) (affirming district court's award of attorney's fees where plaintiff "dismissed its claims only after 'substantial litigation had taken place,' and, in this case, 'only after [defendants] completed their filings for the parties' impending final pretrial conference'— causing a waste of substantial resources.").

Courts in this District have routinely narrowed the case to a number of claims at or below the number Samsung proposes here.  *See, e.g., Allergan, Inc. v. Teva Pharmaceuticals, Inc.*, No. 2:15-cv-1455-WCB, Dkt. 265 at 3-4 (E.D. Tex. Jan. 26, 2017) (finding that narrowing the case to 15 patent claims was reasonable); *Commonwealth Scientific and Industrial Research Organization v. Mediatek, Inc.*, No. 6:12-CV-578, Dkt. 672 (E.D. Tex. June 6, 2015) (limiting the case to eight asserted claims); *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-cv-104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008) (ordering parties to elect no more than ten claim terms for construction and further ordering plaintiff to select no more than three representative claims from each asserted patent for claim construction and trial).  Accordingly, LG requests that the Court prevent further prejudice to LG and order the reduction of claims and prior art as described above.

### III.      FISI's Claims Should Not Be "Severed and Stayed"

FISI's proposal also has the following two positions that are unworkable to the extent FISI intends for these proposals to constitute unelected claims being severed and stayed as it proposed in the Samsung litigation:  (1) any claims that are dropped by Fundamental are withdrawn without prejudice; and (2) Fundamental will retain the right to move for good cause to add or substitute claims.[1]  Accordingly, LG hereby incorporates Samsung's briefing on this issue by reference.  *See Fundamental Innovation Sys. Int'l LLC v. Samsung Elec's. Co., Ltd. et al.*, Case No. 17-cv-145-JRG-RSP, Dkt. 176, at 17-18, attached to the Declaration of Marcus A. Barber in support of this motion as Ex. A.

---

[1] Although LG may oppose attempts to do so, it does not object to FISI exercising its right under the law to seek the addition of unelected claims upon a showing of good cause —"additional claims that present a distinct issue of infringement or invalidity." *Round Rock Research, LLC v. Dell Inc.*, No. 4:11–CV–332, 2012 WL 8017390, at *2 (E.D. Tex. Mar. 26, 2012); *see also Oasis Research, LLC v. Adrive, LLC*, No. 4:10–CV–00435, 2011 WL 7272473, at *2 (E.D. Tex. Sept. 13, 2011).

Dated:  April 20, 2018

RESPECTFULLY SUBMITTED,

**ALLEN GARDNER LAW, PLLC**

By:  */s/ Allen F. Gardner*
Allen F. Gardner (TX Bar No.:  24043679)
**ALLEN GARDNER LAW, PLLC**
609 S. Fannin
Tyler, Texas 75701
Tel:  (903) 944-7537
Fax: (903) 944-7856
Allen@allengardnerlaw.com

Jonathan K. Waldrop
California Bar No. 297903
jwaldrop@kasowitz.com
Darcy L. Jones
California Bar No. 309474
djones@kasowitz.com
Marcus A. Barber
California Bar No. 307361
mbarber@kasowitz.com
Heather S. Kim
California Bar No. 277686
hkim@kasowitz.com
John W. Downing
California Bar No. 252850
jdowning@kasowitz.com
Jack Shaw
California Bar No. 309382
jshaw@kasowitz.com
Gurtej Singh
California Bar No. 286547
gsingh@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive
Suite 200
Redwood Shores, CA  94065
Tel:  (650) 453-5170
Fax:  (650) 453-5171

4

Hershy Stern (*pro hac vice*)
New York Bar No. 4631024
hstern@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY  10019
Tel: (212) 506-1700
Fax: (212) 506-1800

Rodney R. Miller
Texas Bar No. 24070280
rmiller@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1349 West Peachtree Street, NW Suite 1500
Atlanta, GA 30309
Tel:  (404) 260-6080
Fax:  (404) 260-6081

**Attorneys for Defendants**
**LG ELECTRONICS INC., LG**
**ELECTRONICS U.S.A., INC., LG**
**ELECTRONICS MOBILECOMM U.S.A.,**
**INC., LG ELECTRONICS MOBILE**
**RESEARCH U.S.A., LLC, AND LG**
**ELECTRONICS ALABAMA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 20, 2018.  Any other counsel of record will be served by First Class U.S. Mail on this same date.

*/s/ Allen F. Gardner*
Allen F. Gardner

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Plaintiff Calvin Capshaw, Edward DeFranco, Calvin Capshaw, and Brian Biddinger, conferred with counsel for Defendant, Allen Gardner, Jonathan Waldrop, and Marcus Barber, via telephone conference on March 21, 2018. Plaintiff opposes this motion as it feels it is premature to enter this order.  Defendant believes that the order needs to be entered at this time.   The parties are at an impasse, and this motion is submitted accordingly.

*/s/ Allen F. Gardner*
Allen F. Gardner