**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, | |
| Plaintiff, | Case No. 2:16-CV-01425-JRG-RSP |
| vs. | LEAD CASE |
| LG ELECTRONICS, INC., *et al.*, | ██████████████ |
| Defendants. | |
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, | |
| Plaintiff, | |
| vs. | Case No. 2:16-CV-01424-JRG-RSP |
| HUAWEI DEVICE USA, INC. and HUAWEI DEVICE CO., LTD., | ██████████████ |
| Defendants. | |

<u>**FUNDAMENTAL'S MOTION TO EXCLUDE THE TESTIMONY AND OPINIONS OF HUAWEI'S EXPERT BRIAN A. BERG**</u>

# **TABLE OF CONTENTS**

**Page**

I.     LEGAL STANDARDS ................................................................................................1

II.    ARGUMENT ............................................................................................................1

      A.     Mr. Berg's Validity Opinions Rely On An Improper "If Infringed, Then Invalid" Contingent Analysis..................................................................................1

      B.     Mr. Berg is Not an Expert in The Subject Matter on Which He Opines .................4

      C.     Mr. Berg's Opinions Rely On Unperformed Analysis and Undisclosed Facts, And Are Not Aided By Technical Expertise .................................................9

            1.     The Marking Section Of The Berg Non-Infringement Report Contains No Opinions Requiring Technical Knowledge..........................10

            2.     The Willfulness Section Of The Berg Non-Infringement Report Contains No Opinions Requiring Technical Knowledge..........................11

            3.     Mr. Berg's Discussion of ████████████████ Should Be Excluded.................................................................................13

III.   CONCLUSION.........................................................................................................13

## TABLE OF AUTHORITIES

### Cases

*Adkins Adjustment Serv., Inc. v. Blumhof*,
    No. CIV.A.3:98-CV-2789-H, 2001 WL 456352 (N.D. Tex. Apr. 27, 2001) ........................... 10

*Amazon.com, Inc. v. Barnesandnoble.com, Inc.*,
    239 F.3d 1343 (Fed. Cir. 2001) ..................................................................................... 4

*Beck v. Access eForms LP,*
    No. 16-cv-00985 (E.D. Tex. Nov. 21, 2017) ........................................................... 1

*Beck v. Access eForms*,
    Case No. 16-cv-00985 (E.D. Tex. Nov. 21, 2017) .................................................. 10

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
    No. 2:14-cv-912-JRG-RSP, 2016 WL 4718963 (E.D. Tex. July 12, 2016) .............................. 3

*Corelogic Info. Sols., Inc. v. Fiserv, Inc.*,
    No. 2:10-CV-132-RSP, 2012 WL 12899116 (E.D. Tex. Sept. 20, 2012) ................................ 4

*Corinth Inv'r Holdings, LLC v. Evanston Ins. Co.*,
    No. 4:13-CV-00682, 2014 WL 7146040 (E.D. Tex. Dec. 15, 2014) ...................................... 11

*DataQuill Ltd. v. Handspring, Inc.*,
    2003 WL 737785 (N.D. Ill. Feb. 28, 2003) ........................................................... 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993)....................................................................................... 1, 4, 5

*E.E.O.C. v. U-Haul Co. of Texas*,
    No. CIV.A. H-04-3788, 2005 WL 2860987 (S.D. Tex. Nov. 1, 2005) ..................................... 9

*Gonzalez v. Infostream Grp., Inc.*,
    No. 2:14-cv-906-JRG-RSP, 2016 WL 475172 (E.D. Tex. 2016)............................................ 3

*K-Mart Corp. v. Honeycutt*,
    24 S.W.3d 357 (Tex. 2000)............................................................................... 9

*Kuhmo Tire Co. v. Carmichael*,
    526 U.S. 137 (1999)....................................................................................... 1, 5

*Metaswitch Networks Ltd. v. Genband US LLC*,
    No. 2-14-cv-00033, 2016 WL 874734 (E.D. Tex. Mar. 7, 2016)...................................... 2, 3, 11

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*,
    No. 6:11-CV-492-RWS-KNM, 2017 WL 4173468 (E.D. Tex. Sept. 21, 2017) ..................... 12

*Owen v. Kerr–McGee Corp.*,
    698 F.2d 236 (5th Cir. 1983) ........................................................................... 11

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
    345 F. Supp. 2d 431 (D. Del. 2004)................................................................... 3

*Retractable Tech., Inc., v. Abbott Labs., Inc.*,
  Case No. 05-cv-157, 2010 WL 11531436 (E.D. Tex. June 18, 2010) ........................................ 4

*Storage Technology Corp. v. Cisco Systems, Inc.*,
  No. 00-2253(JNE/JGL), 2003 WL 22231544 (D. Minn. 2003) ................................................ 7

*Taylor Pipeline Const. v. Directional Road Boring*,
  438 F. Supp. 2d 696 (E.D. Tex. 2006) ...................................................................................... 10

*Tivo, Inc. v. EchoStar Comm'ns Corp.*,
  516 F.3d 1290 (Fed. Cir. 2008) .................................................................................................. 2

*West v. Drury Co.*,
  412 F. App'x 663 (5th Cir. 2011) ............................................................................................ 10

## Rules and Regulations

Fed. R. Civ. P. 26(a)(2)(i) ............................................................................................................ 12

Fed. R. Civ. P. 26(a)(2)(ii) ........................................................................................................... 12

Fed. R. Evid. 702 .............................................................................................................. 1,2, 3, 4, 9

Fed. R. Evid. 703 ........................................................................................................................... 13

Texas Rule of Evidence 702 ........................................................................................................... 9

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| Adickman Dec. | Declaration of Cary E. Adickman in Support of Fundamental's Motion to Exclude the Testimony and Opinions of Huawei's Expert Brian A. Berg |
| Adickman Ex. _ | Exhibit _ to the Declaration of Cary E. Adickman in Support of Fundamental's Motion to Exclude the Testimony and Opinions of Huawei's Expert Brian A. Berg |
| '766 Patent | U.S. Pat. No. 8,232,766 (Dkt. 33-1) |
| '586 Patent | U.S. Pat. No. 7,834,586 (Dkt. 33-2) |
| '111 Patent | U.S. Pat. No. 7,239,111 (Dkt. 33-3) |
| '550 Patent | U.S. Pat. No. 8,624,550 (Dkt. 33-4) |
| The Fischer Patents | The '766 Patent, '586 Patent, '111 Patent and '550 Patent collectively. |
| Huawei | Defendants Huawei Device USA, Inc. and Huawei Device Co., Ltd. |
| Berg Invalidity Report | The Expert Report of Brian A. Berg Regarding Invalidity, attached as Adickman Ex. A |
| Berg Non-Infringement Report | The Expert Report of Brian A. Berg Regarding Non-Infringement, attached as Adickman Ex. B |
| Berg Dep. | Selected pages of the transcript of the deposition of Mr. Brian A. Berg, taken July 24, 2018, attached as Adickman Ex. C |
| FRCP | Federal Rule of Civil Procedure |
| FRE | Federal Rule of Evidence |

Pursuant to the Docket Control Order, Plaintiff Fundamental Innovation Systems International LLC ("Plaintiff" or "Fundamental" or "FISI") files this motion to strike and exclude portions of the Invalidity and Non-Infringement Reports of Brian Berg.

## I.       LEGAL STANDARDS

Federal Rule of Evidence 702 provides that an expert witness with "scientific, technical, or other specialized knowledge" may testify in the form of an opinion "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-92 (1993). Under FRE 702, "Courts act as gatekeepers of expert testimony 'to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Beck v. Access eForms LP*, No. 16-cv-00985 (E.D. Tex. Nov. 21, 2017) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)). The Rules also "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.

## II.      ARGUMENT

### A.       Mr. Berg's Validity Opinions Rely On An Improper "If Infringed, Then Invalid" Contingent Analysis

Throughout his opening report on validity, Mr. Berg improperly bases his analysis on what he calls "████████████████" of the asserted patent claims, with which he disagrees. Mr. Berg repeatedly contends that the asserted claims are invalid if "████████████████ ████" are applied. *See* Adickman Ex. A (Berg Invalidity Report) ¶¶ 57-63, 129, 157, 201, 243-251, 255 & n.50; Adickman Ex. A-7 at 3-4, 7-8, 11 n.3, 19-20, 22-24, 27 n.7; Adickman Ex. A-9 at

2, 5, 20-23, 26-27; Adickman Ex. A-10 at 2-4, 11-12, 17-21, 23-24.  Mr. Berg's failure to present his own opinions as to claim interpretation, coupled with ████████████████████████ ████████████████ renders his opinions improper and unreliable under FRE 702.

An expert "may not offer an opinion she believes to be incorrect or unreliable." *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2-14-cv-00033, 2016 WL 874734 at *5 (E.D. Tex. Mar. 7, 2016).  Accordingly, an expert's validity analysis must be based on the court's construction of the claim terms.  *See Tivo, Inc. v. EchoStar Comm'ns Corp.*, 516 F.3d 1290, 1311-12 (Fed. Cir. 2008) (approving district court's exclusion of expert testimony based on opposing party's alleged infringement theories).  Mr. Berg, however, only presents what he contends is ████████████ ████████████████████████████████████████████████████ to render his opinion that the claims are invalid as obvious.  *See, e.g.*, Adickman Ex. A ¶¶ 59 (████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████ ), 62 (████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████ ).

Specifically, Mr. Berg confirmed at his deposition that 

[1] Adickman Ex. C at 90:12-92:3.

Instead, Mr. Berg solely applied

This kind of analysis has been expressly rejected by this Court and others. *See Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-912-JRG-RSP, 2016 WL 4718963 at *3 (E.D. Tex. July 12, 2016) ("Defendants' expert may not propound a theory he or she considers unreliable (i.e. Plaintiff's infringement theory) in attempting to meet Defendants' burden of proof on the issue of invalidity."); *Gonzalez v. Infostream Grp., Inc.*, No. 2:14-cv-906-JRG-RSP, 2016 WL 475172 at *3 (E.D. Tex. 2016) ("The Court notes that it is seldom, if ever, reasonable for an expert to draw an ultimate conclusion based on the disputed opinion of a rival expert.").[2]

Further confirming the impropriety of Mr. Berg's invalidity report is the fact that Mr. Berg applied a different understanding of the claims in his rebuttal report on infringement. In the Berg

---

[1] Collectively, these terms cut across all of the asserted claims on which Mr. Berg offered his opinions concerning validity:  "power socket" is in all asserted claims of the '111 Patent, "supply current" is in all asserted claims of the '550 Patent, "USB communication path" is in all asserted claims of the '766 and '550 Patents, and claims 8 and 11 are the only claims asserted from the '586 Patent.

[2] *See also, e.g.*, *Metaswitch*, 2016 WL 874734 at *5 (E.D. Tex. Mar. 7, 2016) ("[I]f an expert disagrees with the principles and methods embodied in an adverse party's infringement theory, that expert is not permitted under Rule 702 to apply the adverse party's infringement theory to affirmatively conclude that the patent is invalid."); *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 436 (D. Del. 2004) (excluding expert opinion that "did not provide a clear construction of each disputed claim element" in validity analysis); *DataQuill Ltd. v. Handspring, Inc.*, 2003 WL 737785, at *4 (N.D. Ill. Feb. 28, 2003) (granting a motion to strike DataQuill's expert report in part because it was unclear what claim interpretation the expert applied, and therefore those opinions would not assist the trier of fact under Rule 702).

Non-Infringement Report, Mr. Berg attempts to rebut "███████████████████" of these terms that he applied in his opening report on invalidity.  *See, e.g.*, Adickman Ex. B (Berg Non-infringement Report) ¶ 93 (presenting definition of "USB communication path," which the Court construed); ¶¶ 104-107 ("power socket" term), ¶¶ 123-127 ("hard-wired connection of a voltage level" term), ¶¶ 169-171 ("supply current" term).  "It is axiomatic that the claims of a patent must be given the same meaning for the purposes of determining both infringement and invalidity." *Corelogic Info. Sols., Inc. v. Fiserv, Inc.*, No. 2:10-CV-132-RSP, 2012 WL 12899116, at *2 (E.D. Tex. Sept. 20, 2012)  (citing *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001)).  Mr. Berg's reliance on one understanding of the claims in his validity report and another in his infringement report is facially improper.

Accordingly, at least the following paragraphs of the Berg Invalidity Report, which are based on claim interpretations with which Mr. Berg disagrees, should be stricken:  Adickman Ex. A ¶¶ 57-63, 129, 157, 201, 243-251, 255 & n.50; Adickman Ex. A-7 at ¶¶ 3-4, 7-8, 11 n.3, 19-20, 22-24, 27 n.7; Adickman Ex. A-9 at ¶¶ 2, 5, 20-23, 26-27; Adickman Ex. A-10 at ¶¶ 2-4, 11-12, 17-21, 23-24.

### B.      Mr. Berg is Not an Expert in The Subject Matter on Which He Opines

Mr. Berg's deposition testimony reveals that ███████████████████████ ██████████████████████ and has no knowledge of ████████████████ ██████.  Such knowledge is necessary to be qualified to offer opinions in this case concerning non-infringement and invalidity, the patents-in-suit, the prior art, and the accused products.  As a result, his opinions do not apply the "reliable principles and methods" necessary to survive a *Daubert* challenge. *Daubert*, 509 U.S. at  589-92.

"Federal Rule of Evidence ('Rule') 702 requires that any expert be qualified to testify by 'knowledge, skill, experience, training, or education.'" *Retractable Tech., Inc., v. Abbott Labs., Inc.*, Case No. 05-cv-157, 2010 WL 11531436, at *1 (E.D. Tex. June 18, 2010).  Under *Daubert*, courts

act as the gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).   Although experts are "permitted wide latitude to offer opinions," this latitude is "premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline." *Daubert*, 509 U.S. at 592.

The Fischer Patents are directed to hardware solutions relating to charging of a mobile device through a USB interface.  As Mr. Berg admits, ███████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████.  Adickman Ex. A ¶¶ 120-131.  Expertise in that subject matter requires, at minimum, basic competence in hardware and electrical circuits.

One concept fundamental to understanding electrical circuits is the conservation of charge, or Kirchhoff's Current Law: the idea that the flow of current entering any point in a circuit will always equal the flow of current exiting that point.  Such a point in a circuit, any point, is called a "node."  These basic concepts are explained in the very first few pages of many introductory textbooks on electrical engineering or circuits.  *See* Adickman Ex. D at 3 ("Here are some simple rules about voltage and current:  1. The sum of the currents into a point in a circuit equals the sum of the currents out (conservation of charge).  This is sometimes called Kirchhoff's current law.  Engineers like to refer to such a point as a *node*."); Adickman Ex. E at 3 ("Kirchhoff's current law states that the ALGEBRAIC SUM of the currents entering and leaving a node is zero."); Adickman Ex. F at 38 ("*A node* is simply a point of connection of two or more circuit elements."), 39 ("These two laws are quite simple but extremely important.  The first law is *Kirchhoff's current law*, which states that *the*

*algebraic sum of the currents entering any node is zero*."); *see also* Adickman Ex. G at cover, 11, 24 ("Wires connected to a node have zero resistance."), 25-26, 29-30; Adickman Exs. H-I.

Mr. Berg demonstrated at deposition an understanding that departs considerably from the basic scientific principles just discussed.



Adickman Ex. C (Berg Dep.) at 268:22-271:9.  Mr. Berg's inability to ████████████████ ████████████████████ disqualifies him as an expert under his own definition of a person of ordinary skill in the art.  Mr. Berg proposes that a person of ordinary skill in the art with respect to the '111, '586, '766, and '550 Patents "████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

████████████████████████████████████████████████████,[3]  Adickman Ex. A ¶ 13.  Mr. Berg ████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████, the above testimony confirms that he lacks a basic knowledge of circuits and electricity, and therefore lacks the ████████████████

████████████████ necessary to qualify him as a person of ordinary skill in the art under his definition.[4]

Moreover, the Berg Invalidity Report and Non-Infringement Report both rely on an understanding of circuit analysis that Mr. Berg's testimony reveals he lacks.  ███████████████

████████████████████████████████████████████████████████████████████ in the Berg Invalidity Report.  Adickman Ex. A.  In the Berg Non-Infringement Report, Mr. Berg's opinions include ████████████████████████████████████████████████████

████████████████████████████████████████████████ Adickman Ex. B ¶¶ 117-121, 123-131.  The Berg Invalidity Report also includes ████████████████

████████████████████████████████████████████████████████████████████████

---

[3]  In pending *inter partes* challenges against the patents asserted here against Huawei, the PTAB adopted the uncontested levels of skill of a person of ordinary skill in the art proposed by Huawei and LG that are similar to Mr. Berg's.  Adickman Ex. J (Decision Denying Institution of *Inter Partes* Review, IPR2018-00487, Paper 11 (Aug. 10, 2018) ('111 Patent) at 8-9; Adickman Ex. K (Decision Denying Institution of *Inter Partes* Review, IPR2018-00495, Paper 10 (Aug. 9, 2018) ('111 Patent) at 9-10.

[4]  Mr. Berg's opinions have previously been excluded by a district court for offering testimony outside his area of expertise.  In *Storage Technology Corp. v. Cisco Systems, Inc.*, No. 00-2253 (JNE/JGL), 2003 WL 22231544 (D. Minn. 2003), a trade secrets case, Mr. Berg admitted at deposition that he was not an expert on hardware design.  The court ruled that it would not consider Mr. Berg's opinion on the similarity between plaintiff's and defendant's products, and that "Berg lack[ed] sufficient factual foundation for his opinions."  *Id.*, 2003 WL 22231544 at *9.  Mr. Berg had acknowledged at deposition that he had never physically reviewed Cisco's SN 5420 product or (footnote continued)

█████████████████████████████████████████████ Adickman Ex. A ¶¶ 64-82;

█████████ Adickman Ex. C at 32:10-17, 35:9-12.  Yet Mr. Berg testified that ███████████████

████████████████████████████████████████████████████████████████████

██████████████████████ Adickman Ex. C at 31:14-32:5.  Upon further questioning, he

admitted that █████████████████████████████████████████████████████████

███████████████████████████████ Adickman Ex. C at 32:6-33:16 ("██████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████).

He was also unable to identify █████████████████████████████████████████

██████████████████. Adickman Ex. C at 33:18-34:18.

On August 10, 2018, Huawei served a supplemental expert report by Mr. Berg ("Berg

Supplemental Report") purporting to rebut the opinions of Plaintiff's expert Dr. Thomas Conte.  The

Berg Supplemental Report relies on Mr. Berg's alleged knowledge as to electrical circuits and

hardware design, which, as discussed above, he does not have.  *See, e.g.*, Adickman Ex. L (Berg

Supplemental Report) ¶¶ 6 ("██████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████ "), 14 ("██████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████████████████████ ").  As explained above, Mr. Berg lacks

─────────────────────

spoke to Storage Technology employees who had, but nevertheless opined that its design was similar
to Storage's.  *Id.*, 2003 WL 22231544 at *8.

sufficient expertise in electrical engineering, battery charging technologies and hardware design to qualify him to offer the opinions in his Supplemental Report.

These deficiencies, which pervade Berg's reports, render his opinions unreliable to the trier of fact and justify their exclusion.  To the extent his reports are not excluded in their entirety, the above-cited portions of his expert reports rely on his deficient knowledge and experience with respect to circuits and should be excluded.

C.   **Mr. Berg's Opinions Rely On Unperformed Analysis and Undisclosed Facts, And Are Not Aided By Technical Expertise**

The Berg Non-Infringement Report includes sections on patent marking, willfulness, and ███████████████████████████████ Adickman Ex. B (Sections IX-XII).  These sections are conclusory and merely recite factual narratives that are based on unproduced documents, attorney argument and conversations with a previously unidentified Huawei employee.  These narratives do not depend on any technical expertise to explain the issues and are not the subject of proper expert testimony.

Expert testimony is permissible if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  "Expert testimony assists the trier-of-fact when the expert's knowledge and experience on a relevant issue are beyond that of the average juror and the testimony helps the trier-of-fact understand the evidence or determine a fact issue. . . . When the jury is equally competent to form an opinion about the ultimate fact issues or the expert's testimony is within the common knowledge of the jury, the trial court should exclude the expert's testimony."  *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (citations omitted).[5]

---

[5]  Although *K-Mart* analyzed Texas Rule of Evidence 702 which tracks FRE 702, the above-quoted language has been cited favorably by courts in this Circuit.  *See E.E.O.C. v. U-Haul Co. of* (footnote continued)

Sections IX-XII of the Berg Non-Infringement Report should be excluded in their entirety because they simply provide a non-technical factual narrative that the jury is equally capable of evaluating.

**1.      The Marking Section Of The Berg Non-Infringement Report Contains No Opinions Requiring Technical Knowledge**

Section IX of the Berg Non-Infringement Report on marking does no more than recite a factual narrative and conclusory statement that "███████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ███████" Adickman Ex. B ¶ 203.  This section is replete with recitations of facts and quotes from documents and deposition testimony, and lacks any technical analysis or even technical opinions based on those facts.  *E.g.*, Adickman Ex. B ¶¶ 181-206 (███████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ █████████████████████████████████████).  Essentially, Mr. Berg's report is simply a vehicle for marshaling facts and attorney argument that can and should be presented by Huawei to the jury without the artificial stamp of expert approval.  *Beck v. Access eForms*, Case No. 16-cv-00985 (E.D. Tex. Nov. 21, 2017) ("an expert should not be permitted to give opinions that reiterate what the lawyers offer in argument."); *Taylor Pipeline Const. v. Directional Road Boring*, 438 F. Supp. 2d 696, 706 (E.D. Tex. 2006) ("[A]llowing an expert to give his opinion on the legal conclusion[s] to be drawn from the evidence both invades the court's province and is irrelevant.").

---

*Texas*, No. CIV.A. H-04-3788, 2005 WL 2860987, at *2 (S.D. Tex. Nov. 1, 2005); *Adkins Adjustment Serv., Inc. v. Blumhof*, No. CIV.A.3:98-CV-2789-H, 2001 WL 456352, at *1 (N.D. Tex. Apr. 27, 2001); *see also West v. Drury Co.*, 412 F. App'x 663, 669 (5th Cir. 2011).

Mr. Berg never performed *any* technical analysis to support these narratives, nor provides any technical opinions that would aid the fact-finder.  During deposition, ██████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████.  Adickman Ex. C (Berg Dep.) at 272:8-277:6.  Because he presents no opinions based on his technical knowledge, Section IX of his report should be stricken.

### 2.     The Willfulness Section Of The Berg Non-Infringement Report Contains No Opinions Requiring Technical Knowledge

Mr. Berg's non-infringement report includes a section titled "████████████████ ████████████████████████" in which Mr. Berg states that "████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████" Adickman Ex. B ¶ 212.  Mr. Berg is therefore presenting an opinion on willfulness—and a legal opinion on the appropriateness of expert testimony—despite believing that he is not qualified to do so.  That alone warrants exclusion of his opinions.  *Corinth Inv'r Holdings, LLC v. Evanston Ins. Co.*, No. 4:13-CV-00682, 2014 WL 7146040, at *2 (E.D. Tex. Dec. 15, 2014) ("[T]he Fifth Circuit has consistently held that an expert may not render conclusions of law.") (citing, *inter alia*, *Owen v. Kerr–McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983)); *Metaswitch Networks*, 2016 WL 874734 at *5 (expert "may not offer an opinion she believes to be incorrect or unreliable").

Like his section on marking, Mr. Berg's willfulness opinions merely recite facts based on his review of non-technical documents and understanding of the facts as told to him.  *See* Adickman Ex. C (Berg Dep.) at 277:7-278:20; Adickman Ex. B ¶¶ 210-211, 213-226, 228-240 (██████████ ████████████████████████████), 227 (██████████████████████████████████████ ██████████████████████████████).  Because the recitation of these facts does

not involve the application of any specialized technical knowledge or experience that Mr. Berg possesses, they are not the proper subject of expert opinion.

Mr. Berg's discussion of willful infringement should be excluded for the additional reason that it is based in part on a conversation he had with ███████████████, who was never disclosed to Fundamental during fact discovery as someone who may have information relevant to this case.  Adickman Ex. B ¶ 214; Adickman Ex. M (Huawei Supplemental Initial and Amended Disclosures); Adickman Ex. N (Huawei Custodian Disclosure).  ████████████████████

████████████████████████████████████████

███████████████  Adickman Ex. C at 281:8-283:7.  Mr. Berg also admitted at deposition that ████████████████████████████████████████

███████████.  Adickman Ex. C at 283:9-285:3.[6]  Mr. Berg's, and Huawei's, failure to make available to Fundamental the facts that Mr. Berg relied on preclude him from testifying about those subjects under FRCP 26(a)(2)(i) and (ii).

Finally, Mr. Berg speculates about Huawei's intent and state of mind.  Adickman Ex. B at ¶¶ 226 ("████████████████████████, 227 (████████████████

████████████████), 235 (███████████████), 238 (████████

███████████).  Such opinions are not proper for a technical expert.  *See Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-CV-492-RWS-KNM, 2017 WL 4173468, at *5 (E.D. Tex. Sept. 21, 2017).

---

[6] ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████

3. **Mr. Berg's Discussion of** ███████████████████ **Should Be Excluded**

The Berg Non-Infringement Report also recites pure factual narratives in paragraphs 303-325 concerning ███████████████████, which should be excluded.  Adickman Ex. B.

As an initial matter, this section of Mr. Berg's report relies on ████████████████ ████████████████ discussed above.  Because ███████ was not disclosed to Fundamental during fact discovery, this section of Mr. Berg's report, ████████████████ ██████████, should be excluded.

Furthermore, as with his discussion of marking, Mr. Berg simply recites facts about ███████ █████████ that were provided to him by Huawei and Huawei's counsel, without offering any opinions.  For this additional reason, this portion of his report should be excluded.

Finally, in paragraphs 319-322 Mr. Berg discusses ████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████ None of these subjects is within Mr. Berg's knowledge or experience, and recitation of such factual narrative is not appropriate for expert testimony under FRE 703.

## III.   CONCLUSION

Fundamental requests that the Berg Invalidity Report, Berg Non-Infringement Report, and Berg Rebuttal Report be excluded in their entirety.  Mr. Berg's opinions are irreparably flawed because of his improper reliance on ████████████████████████ his lack of expertise in the subject matter on which his opinions are based, his expansive factual narrative that usurps the

role of the jury, and his improper reliance on information not disclosed to Fundamental.  Mr. Berg's testimony will risk misleading and confusing the jury and should not be permitted.

If Mr. Berg's reports are not excluded in their entirety, Fundamental respectfully requests that at least the following portions of the Berg Invalidity and Non-Infringement Reports be stricken in their entirety:  Adickman Ex. A ¶¶ 57-63, 129, 157, 201, 243-251, 255 & n.50; Adickman Ex. A-7 at 3-4, 7-8, 11 n.3, 19-20, 22-24, 27 n.7; Adickman Ex. A-9 at 2, 5, 20-23, 26-27; Adickman Ex. A-10 at 2-4, 11-12, 17-21, 23-24; Adickman Ex. B ¶¶ 38-49, 69-70, 81-88, 117-121, 123-131, 147-165-171, 175-179; Adickman Ex. B Sections IX-XIV; Adickman Ex. L.

Dated: August 21, 2018                          Respectfully submitted,

By:*/s/ S. Calvin Capshaw*
Edward J. DeFranco
Brian P. Biddinger
Joseph Milowic, III
Ron Hagiz
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
212-849-7100
Fax: 212-849-7100
Email: eddefranco@quinnemanuel.com
Email: brianbiddinger@quinnemanuel.com
Email: josephmilowic@quinnemanuel.com
Email: ronhagiz@quinnemanuel.com

Kevin P.B. Johnson
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive
5th Floor
Redwood Shores, CA 94065
650-801-5000
Fax: 650-801-5100
Email: kevinjohnson@quinnemanuel.com

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
CAPSHAW DERIEUX LLP
114 East Commerce Avenue
Gladewater, Texas 75647
Tel:  (903) 845-5770

***Attorneys for Plaintiff***
***Fundamental Innovation Systems***
***International LLC***

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via electronic mail on this the 21st day of August, 2018.

*/s/  S. Calvin Capshaw*

**<u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>**

The undersigned hereby certifies that this document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/  S. Calvin Capshaw*