# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>LG ELECTRONICS, INC. et al.,<br><br>*Defendants*. | Case No. 2:16-cv-01425-JRG-RSP<br><br>LEAD CASE |
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>HUAWEI DEVICE USA, INC. AND HUAWEI DEVICE CO., LTD.,<br><br>*Defendants*. | Case No. 2:16-cv-01424-JRG-RSP |

**HUAWEI'S MOTION TO EXCLUDE PORTIONS OF THE OPENING AND SUPPLEMENTAL EXPERT REPORTS OF MR. MARK J. CHANDLER**

**TABLE OF CONTENTS**

I. Introduction ................................................................................................................... 1

II. Background ................................................................................................................... 1

    A. Mr. Chandler's report describes ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ but it does not explain ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ......................... 2

    B. Mr. Weinstein's report discusses ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ............................... 3

    C. Mr. Chandler's and Mr. Weinstein's supplemental reports offer the same observations regarding the same settlement agreement. ................................... 3

    D. Mr. Chandler's opening report also opines on the process for obtaining patents, and it claims that Huawei was ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." .................... 4

III. Legal Standard .............................................................................................................. 5

IV. Argument ...................................................................................................................... 6

    A. The Court Should Exclude Mr. Chandler's Discussion Of License Agreements ............................................................................................................ 6

        1. Mr. Chandler's "▓▓▓▓▓▓▓" opinions are not relevant, and are cumulative of Mr. Weinstein's opinions .............................................. 6

        2. Mr. Chandler's discussion of various other license agreements is not relevant ........................................................................................... 7

        3. Mr. Chandler's supplemental report regarding ▓▓▓▓▓▓▓▓▓▓ is needlessly cumulative of Mr. Weinstein's supplemental report regarding the same agreement ................................................ 8

    B. The Court Should Exclude Mr. Chandler's Opinions Regarding Patent Prosecution Because He Is Not a Patent Prosecution Expert ......................... 9

    C. The Court Should Exclude Mr. Chandler's Contention That Huawei ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Because It Lacks Sufficient Factual Basis And Is Unfairly Prejudicial ........................................................................... 9

V. Conclusion ................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Christopherson v. Allied-Signal Corp.*,
  939 F.2d 1106 (5th Cir. 1991) ................................................................................................6

*Daubert v. Merrell Dow Pharm., Inc.*,
  509 U.S. 579 (1993) ................................................................................................................5

*Engenium Sols., Inc. v. Symphonic Techs., Inc.*,
  924 F. Supp. 2d 757 (S.D. Tex. 2013) ....................................................................................5

*French v. Allstate Indem. Co.*,
  637 F.3d 571 (5th Cir. 2011) .......................................................................................... 5, 7, 9

*Pipitone v. Biomatrix, Inc.*,
  288 F.3d 239 (5th Cir. 2002) ................................................................................................5, 6

*Thomas v. T.K. Stanley, Inc.*,
  Case No. 9:12-cv-158-RC (E.D. Tex. Oct. 28, 2014) (Dkt. 81),
  2014 WL 12814614 ..............................................................................................................7, 9

*Washington v. Armstrong World Indus., Inc.*,
  839 F.2d 1121 (5th Cir. 1988) ................................................................................................5

*Wilson v. Woods*,
  163 F.3d 935 (5th Cir. 1999) ...............................................................................................6, 9

**Other Authorities**

Fed. R. Evid. 401 ...........................................................................................................................5

Fed. R. Evid. 403 ................................................................................................................*passim*

Fed. R. Evid. 702 ........................................................................................................... 5, 8, 9, 10

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Expert Report on Licensing of Mark J. Chandler (June 13, 2018) |
| B | Expert Report of Roy Weinstein (June 13, 2018) |
| C | Supplemental Expert Report on Licensing of Mark J. Chandler (July 18, 2018) |
| D | Supplemental Expert Report of Roy Weinstein (July 18, 2018) |
| E | Deposition transcript of Mark Chandler (Aug. 1, 2018) |
| F | www.iphoneincanada.ca/news/huawei-is-the-new-apple-copycat/ |
| G | www.wired.com/2016/05/huawei-iphone-screws-ifixit/ |

## I. INTRODUCTION

Fundamental submitted the expert report of Mark Chandler, but Mr. Chandler has no opinion regarding validity or infringement, and he has no opinion regarding the appropriate amount of damages to be awarded to Fundamental should Huawei be found to infringe. Instead, Mr. Chandler styles himself as a licensing expert, retained to provide testimony regarding the comparability of licenses produced in this case. Mr. Chandler's report, however, never purports to identify a comparable license. Rather, Mr. Chandler merely opines that some of the agreements "█████." Mr. Chandler never explains what this conclusion means (if anything), and Fundamental's damages expert, Mr. Weinstein, never relies on it. The Court should exclude Mr. Chandler's "█████" commentary as irrelevant to this case.

Mr. Chandler's discussion of the terms of various license agreements should similarly be excluded as cumulative because these same licenses are also analyzed by Mr. Weinstein. Indeed, Mr. Chandler's discussion of █████ is strikingly similar to Mr. Weinstein's opinion, minus Mr. Weinstein's conclusion █████.

Finally, Mr. Chandler offers two opinions that are inadmissible because they are unsupported by either evidence or expertise. The Court should exclude Mr. Chandler's opinions (1) regarding patent prosecution, because he is not a patent prosecution expert, and (2) that Huawei is a "█████" because this "opinion" is both unduly prejudicial and unsupported by evidence.

## II. BACKGROUND

Fundamental served the expert reports of Mark Chandler (Ex. A) and Roy Weinstein (Ex. B) on June 13, 2018. Mr. Chandler's report is styled as a report on licensing and discusses various license agreements. Mr. Weinstein's report is a damages report that analyzes the same license agreements and also purports to calculate a reasonable royalty rate based on a hypothetical

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

negotiation between Huawei and the original owner of the asserted patents, Research in Motion ("RIM").[1]

### A. Mr. Chandler's report describes ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ but it does not explain ▓▓▓▓▓▓▓▓▓▓

Roughly half of Mr. Chandler's licensing report consists of a section titled "▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓." Ex. A ¶¶ 164-305. In this section, Mr. Chandler claims that he has been asked to provide testimony regarding "▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓" including ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." *Id.* ¶ 166. Mr. Chandler discusses ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓). As to each of these, Mr. Chandler reaches the same boilerplate conclusion that the agreement "▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." *E.g., id.* ¶ 196; *see also* ¶ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mr. Chandler does not opine on which of these agreements, if any, would be comparable to a hypothetical license between RIM and Huawei. Mr. Chandler does not identify which agreements should, or should not, be used in determining a reasonable royalty.

Mr. Chandler's "▓▓▓▓▓▓▓" section also includes discussion of several agreements ▓▓▓▓▓▓▓▓. Regarding ▓▓▓▓▓▓▓, Mr. Chandler again opines that they "▓▓ ▓▓▓▓▓▓" *Id.* ▓▓▓▓▓▓▓▓▓▓▓▓▓. He does not opine on whether these agreements are comparable to the aforementioned hypothetical license, or whether they should be used to determine a reasonable royalty.

---

[1] RIM changed its name to BlackBerry in 2013.

2

**B. Mr. Weinstein's report discusses** ▮

As part of its *Georgia-Pacific* analysis, Mr. Weinstein's damages report contains a section discussing "▮." Ex. B ¶¶ 66-96. Like the Chandler report, the Weinstein report discusses ▮ ▮ . *Id.* ▮). Like the Chandler report, the Weinstein report discusses ▮. *Id.* ¶¶ ▮

After discussing these agreements and other factors, Mr. Weinstein states that ▮ ▮ . *Id.* ¶ 157. This is unlike the Chandler report, which never opines on whether these agreements provide a reliable basis for determining a reasonable royalty. Mr. Weinstein then describes ▮ ▮ . *Id.* ¶¶ 157-175; tbl. 9. In view of the agreements and these alleged adjustments, Mr. Weinstein concludes that ▮ ▮." *Id.* ¶ 176. This too is unlike the Chandler report, which never opines on a reasonable royalty rate.

**C. Mr. Chandler's and Mr. Weinstein's supplemental reports offer the same observations regarding the same settlement agreement.**

On July 18, 2018, Fundamental served a supplemental report by Mr. Chandler that discusses ▮. Ex. C. Mr. Chandler states a number of observations regarding the agreement: first, it ▮ ▮, *id.* ¶ 17; second, it ▮ ▮, *id.* ¶¶ 18-22; third, it ▮

3

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, *id.* ¶¶ 23-26; and fourth, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, *id.* ¶¶ 27-29. Mr. Chandler's conclusion is that the ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" *Id.* ¶ 30. He does not opine on whether the agreement should be used to determine a reasonable royalty.

Fundamental also served a supplemental report by Mr. Weinstein on the same day, discussing the same agreement and offering the same observations. Ex. D. Mr. Weinstein observes that the agreement ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, *id.* ¶ 8; that it ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, *id.* ¶ 11; that it ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *id.* ¶ 16; and that ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, *id.* ¶ 14. Mr. Weinstein opines that the ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓s," but that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.* ¶ 15. He concludes that the agreement is ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* ¶ 18.

**D. Mr. Chandler's opening report also opines on the process for obtaining patents, and it claims that Huawei was a reputed "▓▓▓▓▓▓▓▓▓▓▓▓▓."**

Mr. Chandler's opening report of June 13 opines that obtaining a patent "▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" Ex. A ¶ 27. Furthermore, according to Mr. Chandler, ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓," and can require "▓▓▓▓▓▓▓▓▓▓▓▓." *Id.* ¶ 28.

In the last few pages of his opening report, Mr. Chandler includes a conclusory and unsupported allegation that, at the time of the hypothetical negotiation, Huawei "▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." *Id.* ¶ 326.

4

## III.     LEGAL STANDARD

Federal Rule of Evidence 702 provides that an expert may provide opinion testimony if (a) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The trial judge must ensure that any and all scientific testimony admitted under Rule 702 is relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). "The party seeking to rely on expert testimony bears the burden of establishing, by a preponderance of the evidence, that all requirements have been met." *Engenium Sols., Inc. v. Symphonic Techs., Inc.*, 924 F. Supp. 2d 757, 769 (S.D. Tex. 2013).

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "A perfectly equivocal opinion does not make any fact more or less probable and is irrelevant under the Federal Rules of Evidence." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002) (affirming exclusion of expert testimony); *see also Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1124 (5th Cir. 1988) (excluding opinion that "[plaintiff's] death **could have** been due to asbestos exposure" because it "lacked probative value because it was pure speculation.") (emphasis added).

To the extent expert testimony is "relevant," it is still properly excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. One expert's testimony on the same subject as another expert's testimony is "unhelpful and needlessly cumulative." *French v. Allstate Indem. Co.*, 637 F.3d

5

571, 578 (5th Cir. 2011) (affirming exclusion under Rule 403 of expert testimony offered by plaintiff on the subject of damages, where another of plaintiff's experts testified on damages).

An expert witness must possess "specialized knowledge, skill, experience, training, or education in the relevant field" to be qualified to express his expert opinion on the topic in issue. *Christopherson v. Allied-Signal Corp.*, 939 F.2d 1106, 1110 (5th Cir. 1991). An expert should not be allowed to testify if she "is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999).

IV.  **ARGUMENT**

   A.  **The Court Should Exclude Mr. Chandler's Discussion Of License Agreements**

      1.  **Mr. Chandler's "_____" opinions are not relevant, and are cumulative of Mr. Weinstein's opinions**

Mr. Chandler claims that _____, Ex. A ¶ 166, but he repeatedly fails to deliver on this promise. Rather than opine on comparability, he concludes _____ "_____. _____. These conclusions are equivocal because they provide no opinion regarding whether the agreements are comparable to the hypothetical license (or not), and they provide no opinion regarding whether they should be used in determining a reasonable royalty (or not). Because Mr. Chandler's opinions are equivocal and not sufficiently related to the damages issues in this case, they are not relevant and are therefore inadmissible. *Pipitone v. Biomatrix, Inc.*, 288 F.3d at 245.

The irrelevance of Mr. Chandler's opinions is evident from Mr. Weinstein's report, which analyzes the same _____ without ever relying on Mr. Chandler's expertise. Ex. B ¶¶ _____). This portion of Mr. Weinstein's report cites Mr. Chandler's report only once, and only for the proposition that _____

6

▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *Id.* ¶ 89 & n.202. But Mr. Chandler admitted that he is not a technical expert, Ex. E at 92:21, and unsurprisingly his report relies on Fundamental's technical expert Dr. Conte for an understanding of "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬," Ex. A ¶ 220. Thus, Mr. Weinstein relies on Mr. Chandler only for Mr. Chandler's skill in reporting the opinion of another expert, Dr. Conte. Mr. Weinstein correctly ignores the rest of Mr. Chandler's "▬▬▬▬▬" opinions, which confirms their irrelevance and unhelpfulness to the determination of damages.

Even if any of Mr. Chandler's "▬▬▬▬▬" opinions were at all relevant, they should be excluded under Rule 403 because they needlessly present cumulative evidence. Mr. Weinstein analyzes the same license agreements, Ex. B ¶¶ ▬▬, and uses these agreements to opine on a reasonable royalty rate at the hypothetical negotiation, *id.* ¶¶ 149-175. Thus, Mr. Chandler's "▬▬▬▬▬" opinions are cumulative of Mr. Weinstein's analysis of the licenses. This case is analogous to *French v. Allstate Indem. Co.*, in which the district court excluded testimony from the plaintiff's second damages expert because it was needlessly cumulative of the first expert's testimony. 637 F.3d. at 577-78. Here, the Court should exclude Mr. Chandler's discussion of license agreements that Mr. Weinstein already analyzes. *See also Thomas v. T.K. Stanley, Inc.*, Case No. 9:12-cv-158-RC (E.D. Tex. Oct. 28, 2014) (Dkt. 81), 2014 WL 12814614, at *2 (excluding expert testimony offered by plaintiff where the "expected testimony covers subject matter similar to that upon which" another of plaintiff's experts opined).

In sum, the Court should exclude ¶¶ 185-247 and ¶¶ 272-289 from Mr. Chandler's report.

    **2.**    **Mr. Chandler's discussion of various other license agreements is not relevant**

Mr. Chandler opines that a ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬,

7

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Furthermore, neither Mr. Weinstein nor Dr. Becker relies on these agreements to determine a reasonable royalty rate. Mr. Chandler's opinions regarding their undisputed non-comparability are not relevant, and are therefore inadmissible. Additionally, Mr. Chandler's opinions regarding these agreements would not be helpful to the jury because no party uses them to determine damages. Fed. R. Evid. 702(a). Thus, the Court should exclude ¶¶ 248-271 and ¶¶ 290-305 from Mr. Chandler's report.

      **3.    Mr. Chandler's supplemental report regarding ▇▇▇▇▇▇ ▇▇▇▇▇▇ is needlessly cumulative of Mr. Weinstein's supplemental report regarding the same agreement**

Mr. Chandler's supplemental report regarding ▇▇▇▇▇▇▇▇ rehashes all of the same observations that are found in Mr. Weinstein's supplemental report. Mr. Weinstein emphasizes the fact that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Ex. D ¶ 8, and so does Mr. Chandler, Ex C ¶ 17. Mr. Weinstein discusses ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Ex. D ¶¶ 11-12, 16, and so does Mr. Chandler, Ex. C ¶¶ 18-26. Mr. Weinstein emphasizes ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, Ex. D ¶ 15, and so does Mr. Chandler, Ex. C ¶¶ 27-29. But only Mr. Weinstein opines on the effect of ▇▇▇▇▇▇▇▇▇▇▇▇ on a reasonable royalty, because only he purports to determine one. Ex. D ¶ 18.[2]

There is no need for the jury to hear two of Fundamental's experts say the same thing about the same agreement. Permitting Mr. Chandler to offer his me-too testimony would simply allow Fundamental to gain an unfair advantage before the jury. Mr. Chandler's supplemental report is

---

[2] Mr. Chandler's supplemental report never explains whether the Samsung agreement can serve as a "▇▇▇▇▇▇▇▇," which further underscores the irrelevance of his "▇▇▇▇▇▇▇▇" opinions.

8

needlessly cumulative, and the Court should exclude it as such under Rule 403. *French*, 637 F.3d. at 577; *Thomas*, 2014 WL 12814614, at *2.

### B. The Court Should Exclude Mr. Chandler's Opinions Regarding Patent Prosecution Because He Is Not a Patent Prosecution Expert

Mr. Chandler admits that he is neither an attorney nor a patent agent. Ex. E at 18:16-21. He also admits that he has never obtained a patent, or prosecuted a patent application. *Id.* at 19:5-17. Even so, Mr. Chandler offers opinions regarding "▮▮▮▮," and regarding ▮▮▮▮." Ex. A ¶¶ 27-28. These opinions are outside the scope of Mr. Chandler's alleged expertise as a licensing expert and therefore should be excluded. *Wilson*, 163 F.3d at 937. These matters are more fairly addressed by jury instructions and by the Federal Judicial Center's patent process instructional video for jurors.

Thus, the Court should exclude ¶¶ 27-28 from Mr. Chandler's report.

### C. The Court Should Exclude Mr. Chandler's Contention That Huawei "▮▮▮▮" Because It Lacks Sufficient Factual Basis And Is Unfairly Prejudicial

Mr. Chandler contends that "▮▮▮▮" Ex. A ¶ 326. He then cites three sources, none of which support this contention.

First, Mr. Chandler provides an unexplained citation to ▮▮▮▮. *Id.* ¶ 326 n.383. ▮▮▮▮. *Id.* ¶ 147. There is no evidence that ▮ has any knowledge of anything related to Huawei. Thus, ▮▮▮▮ fails to provide sufficient facts to support Mr. Chandler's contention that ▮▮▮▮ at the time of the hypothetical negotiation in 2010. Fed. R. Evid. 702(b).

Second, Mr. Chandler cites a page-long blog post from 2015 on an iPhone fan site known as "iPhone in Canada." *Id.* ¶ 326 n.383; Ex. F. The blog post contains unsubstantiated speculation that

9

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Huawei's use of a pressure-sensitive touchscreen in 2015 was meant to copy an upcoming version of the iPhone. Ex. F at 1. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. For these reasons, the blog post does not provide sufficient facts to support Mr. Chandler's contention.

Third, Mr. Chandler cites a Wired.com editorial from 2016. Ex. A ¶ 326 n.383; Ex. G. The editorial criticizes Huawei for incorporating pentalobe screws in one of its phones because pentalobe screws are allegedly "easy to strip." Ex. G at 4. The editorial provides unsubstantiated speculation that Huawei used pentalobe screws because the iPhone uses them. *Id.* ▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. For these reasons, the editorial, like the blog post, fails to provide sufficient facts to support Mr. Chandler's contention.

Mr. Chandler's contention cannot be based on personal experience either, because ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓. Ex. E at 24:10-12.

There is no support for Mr. Chandler's contention that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" This deficiency renders Mr. Chandler's opinion inadmissible. Fed. R. Evid. 702(b) (requiring expert opinion testimony to be "based on sufficient facts"). Mr. Chandler's contention should also be excluded under Rule 403, because permitting Mr. Chandler to tell the jury ▓▓▓▓▓▓▓▓▓▓▓▓" would be unfairly prejudicial, with zero probative value.

10

**V.     CONCLUSION**

Mr. Chandler's opening and supplemental reports set forth opinions that are non-relevant, needlessly cumulative, outside his scope of expertise, and factually unsupported. For the reasons explained above, the Court should exclude ¶¶ 27-28, ¶¶ 185-305, and ¶ 326 from Mr. Chandler's opening report, and the Court should exclude Mr. Chandler's supplemental report regarding the ▇▇▇ agreement.

RESTRICTED – ATTORNEYS' EYES ONLY

Dated: August 21, 2018   By: */s/ Michael K. Plimack*

Michael K. Plimack (*Lead Counsel*)
   Admitted in E.D. Texas; CA Bar No. 133869
Michael E. Bowlus
   Admitted in E.D. Texas; CA Bar No. 307277
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Stanley Young
   Admitted in E.D. Texas; CA Bar No. 121180
Anupam Sharma
   Admitted in E.D. Texas; CA Bar No. 229545
Elizabeth Pehrson
   Admitted in E.D. Texas; CA Bar No. 197302
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Ste. 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Matthew Phelps
   Admitted *pro hac vice*
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1178

Daniel W. Cho
   Admitted *pro hac vice*; CA Bar No. 305169
COVINGTON & BURLING LLP
850 Tenth St. NW
Washington, D.C. 20001
Telephone: (202) 662-6000

Michael C. Smith
   Texas Bar No. 18650410
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
113 East Austin Street
Marshall, TX 75670
Telephone: (903) 938-8900

*Attorneys for Defendants Huawei Device USA, Inc. and Huawei Device Co., Ltd.*

## CERTIFICATE OF SERVICE

I certify that, on August 21, 2018, I served a true and correct copy of the foregoing document to counsel of record for Plaintiff Fundamental Innovation Systems International LLC via electronic mail.

/s/ *Michael K. Plimack*

Michael K. Plimack

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h) and this Court's Orders, and this motion is opposed. Counsel for the parties met and conferred telephonically on August 20, 2018. Counsel for Fundamental opposed this motion.

/s/ *Michael K. Plimack*

Michael K. Plimack

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

This is to certify that this document should be filed under seal because the document, and any exhibits, contain material covered by the protective order entered in this case on October 3, 2017 (Dkt. 88).

/s/ *Michael K. Plimack*

Michael K. Plimack