IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, <br><br>*Plaintiff*, <br><br>v. <br><br>LG ELECTRONICS, INC. et al., <br><br>*Defendants*. | Case No. 2:16-cv-01425-JRG-RSP <br><br> LEAD CASE |
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, <br><br>*Plaintiff*, <br><br>v. <br><br>HUAWEI DEVICE USA, INC. AND HUAWEI DEVICE CO., LTD., <br><br>*Defendants*. | Case No. 2:16-cv-01424-JRG-RSP |

**HUAWEI'S MOTION TO EXCLUDE CERTAIN OPINIONS
OF FUNDAMENTAL'S TECHNICAL EXPERT DR. THOMAS M. CONTE**

## TABLE OF CONTENTS

I. Introduction ...........................................................................................................................1

II. Argument ...............................................................................................................................2

    A. Dr. Conte's Opinions Regarding Willful Infringement ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ .................2

    B. Dr. Conte's "Opinions" Regarding Willful Infringement Fail To Provide Any Legitimate Expert Analysis Or Opinion. ...................................................................3

III. Conclusion .............................................................................................................................5

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | ███████████████████████ |
| B | ███████████████████████ |
| C | ███████████████████████ |
| D | ███████████████████████ |
| E | ███████████████████████ |

## I.  INTRODUCTION

Fundamental's technical expert Dr. Thomas M. Conte served a ███████████ ██████████████████████████████████████████████████████████████████████████ ██████████████████████████████████. Most of Dr. Conte's opinions—although incorrect—are appropriate subject matter for expert testimony at trial, where Huawei will challenge them through cross-examination and Huawei's own expert testimony. ██████████████████████ ██████████████████████ Thus, Huawei respectfully moves the Court to strike those opinions.

In his expert report, ██████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ Dr. Conte's assertions, however, ██████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████. It would be improper and unfair to ██████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████ ██████████████████████████████.

Moreover, Dr. Conte's willfulness opinions ██████████████████████████ and are devoid of any analysis expected of an expert under Federal Rule of Evidence 702.  In short, Fundamental ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████. Thus, the Court should strike the relevant portions of Dr. Conte's expert report and preclude Fundamental from otherwise ██████████████████████████████████████████████████.

## II. ARGUMENT

### A. Dr. Conte's Opinions Regarding Willful Infringement ▮

Dr. Conte claims that he was asked to provide opinions on whether Huawei's infringement was willful. ▮

The Court should strike Dr. Conte's ▮ Accordingly, *no one*, including Dr. Conte, may testify at trial about ▮



### B. Dr. Conte's "Opinions" Regarding Willful Infringement Fail To Provide Any Legitimate Expert Analysis Or Opinion.

An expert witness may provide opinion testimony only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is



▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.  The Fifth Circuit has held that "[w]ithout more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible," and that parties may not attempt to offer factual assertions "dressed up and sanctified as the opinion of an expert."  *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987).

Dr. Conte's opinions regarding alleged willful infringement merely serve as a mouthpiece for recitation of Fundamental's litigation assertions—without any expert analysis.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ No expert analysis or opinion is provided.  Instead, Dr. Conte merely provides a recitation and summary of factual assertions that Fundamental apparently believes will help its case.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

In the instances where Dr. Conte departs from recitations of factual assertions or summaries of discovery requests and responses or witness testimony, it is merely to offer thinly veiled attorney argument that have no basis within his role as a technical expert.

4

For example, Dr. Conte offers the following in support of his opinion on "Willful Infringement:"



Dr. Conte's conclusory testimony attempts to supplant his judgment for that of the Court and of the jury. This is impermissible. *See Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 142–43 (N.D. Iowa 2003) (granting motion *in limine* to exclude expert opinion testimony "as to the sufficiency of the evidence of infringement or willful infringement" as either irrelevant or clearly "invad[ing] the province of the jury"; holding that "willful infringement is a matter for jury determination, in light of facts well within their understanding and appropriate instructions from the court"). Dr. Conte is not qualified to testify about Huawei's knowledge or intent, and his improper opinions would invade the jury's role in making that determination. *See Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1378 (Fed. Cir. 2005) (noting the question of intent of the alleged infringer "is a factual determination particularly within the province of the trier of fact").

### III. CONCLUSION

For the foregoing reasons, the Court should exclude Dr. Conte's opinions relating to alleged willful infringement ▮▮▮▮▮.

5

| | |
|---|---|
| Dated:  August 21, 2018 | By: /s/ *Michael K. Plimack* |

Michael K. Plimack (*Lead Counsel*)
   Admitted in E.D. Texas; CA Bar No. 133869
Michael E. Bowlus
   Admitted in E.D. Texas; CA Bar No. 307277
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Stanley Young
   Admitted in E.D. Texas; CA Bar No. 121180
Anupam Sharma
   Admitted in E.D. Texas; CA Bar No. 229545
Elizabeth Pehrson
   Admitted in E.D. Texas; CA Bar No. 197302
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Ste. 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Matthew Phelps
   Admitted in E.D. Texas
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 841-1178

Daniel W. Cho
   Admitted in E.D. Texas; CA Bar No. 305169
COVINGTON & BURLING LLP
850 Tenth St. NW
Washington, D.C. 20001
Telephone: (202) 662-6000

Michael C. Smith
   Texas Bar No. 18650410
SIEBMAN, BURG, PHILLIPS & SMITH, LLP
113 East Austin Street
Marshall, TX 75670
Telephone: (903) 938-8900
Facsimile: (972) 767-4620

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Attorneys for Defendants Huawei Device USA, Inc. and Huawei Device Co., Ltd.*

## CERTIFICATE OF SERVICE

I certify that, on August 21, 2018, I served a true and correct copy of the foregoing document to counsel of record for Plaintiff Fundamental Innovation Systems International LLC via electronic mail.

/s/ *Michael K. Plimack*
Michael K. Plimack (*Lead Counsel*)

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h) and this Court's Orders, and this motion is opposed. Counsel for the parties met and conferred telephonically on August 20, 2018. Counsel for Fundamental opposed this motion.

                                                                                                          */s/  Michael K. Plimack*
                                                                                                          Michael K. Plimack (*Lead Counsel*)

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

This is to certify that this document should be filed under seal because the document, and any exhibits, contain material covered by the protective order entered in this case on October 3, 2017 (Dkt. 88).

*/s/ Michael K. Plimack*
Michael K. Plimack (*Lead Counsel*)
