RESTRICTED – ATTORNEYS' EYES ONLY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>LG ELECTRONICS, INC., et al.,<br><br>*Defendants*. | Case No. 2:16-CV-01425-JRG-RSP<br><br>LEAD CASE |
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>HUAWEI DEVICE USA, INC. and HUAWEI DEVICE CO., LTD.,<br><br>*Defendants*. | Case No. 2:16-CV-01424-JRG-RSP |

**LG'S MOTION TO EXCLUDE CERTAIN OPINIONS OF FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC'S DAMAGES EXPERT MARK CHANDLER**

## I. INTRODUCTION

This Court should exclude the testimony of Mr. Chandler, one of three damages experts proffered by Plaintiff Fundamental Innovation Systems International LLC ("FISI") because Mr. Chandler, a purported licensing expert, does not offer any opinion with respect to the proper measure of damages in this case based on his license analysis. FISI's main damages expert, Mr. Weinstein, who does put forth a reasonable royalty opinion, does not even rely on Mr. Chandler's license analysis in coming to his license-based market approach reasonable royalty in this case. Indeed, Mr. Weinstein testified that [REDACTED] Thus, Mr. Chandler's analysis is not relevant and only serves to complicate the case and confuse the jury.

Further, this Court should exclude Mr. Chandler's testimony regarding various ancillary issues set forth in his original report as Mr. Chandler has no expertise or basis to support his testimony on any of these issues including: process of obtaining a patent, U.S. Patent Office procedure, the standards of patentability, the costs associated with patent litigation, the patented technology and the state of the art, the USB specifications, and the extent of use of the technology at issue in this case, and allegations that LG is a fast follower.

## II. BACKGROUND

On June 13, 2018, FISI served damages expert reports from Mr. Roy Weinstein ("Weinstein Report"), Mr. Mark Chandler ("Chandler Report"), and Dr. Ryan Sullivan. Following FISI and Samsung Electronics Co., Ltd.'s July 6, 2018 Settlement and Patent License Agreement ("Samsung License"), FISI served supplemental damages expert reports from Messrs. Weinstein ("Weinstein Supp. Report") and Chandler ("Chandler Supp. Report").

Mr. Chandler's alleged expertise and potential expert testimony in this case focuses on patent licensing and patent license negotiations. (Ex. 1[1] at ¶ 15; Ex. 2 at ¶ 5.) In his reports, Mr. Chandler analyzes a number patent license agreements



However, Mr. Chandler's reports do not propound any opinion with respect to the proper measure of damages in this case based on his analysis of these licenses. (*Id.*) In fact, Mr. Chandler testified that Mr. Weinstein performs his own analysis of in his original report in coming to his license based market approach opinions on the proper measure of damages. (Ex. 4 at ¶¶ 169-189, 196, 199, 202-206.) And Mr. Weinstein's license-based market approach opinions regarding the proper measure of damages in this case do not rely on Mr. Chandler's license analysis. (Ex. 5 at 64:13-65:20.)

## III. <u>LEGAL STANDARD</u>

Under Federal Rule of Evidence 702, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Because "[e]xpert evidence can be both powerful and quite misleading … the judge in weighing possible prejudice against probative force under [FRE] 403… exercises more control over experts than over lay witnesses." (*Id.* at 595.) "While questions regarding which facts are most relevant for calculating a reasonable royalty are properly left to the jury, a critical prerequisite is that the underlying methodology be sound." *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328 (Fed. Cir. 2014). "The reliability analysis applies to all aspects of

[1] "Ex. _" refers to Exhibits to the Declaration of Jonathan K. Waldrop In Support of LG's Motion to Exclude Certain Opinions of Fundamental Innovation Systems International LLC's Damages Expert Mark Chandler ("Waldrop Declaration" or "Waldrop Decl.") filed concurrently herewith.

an expert's testimony: the methodology, the facts underlying the expert's opinion, [and] the link between the facts and the conclusion …." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007). In short, "the expert's testimony must be reliable at each and every step or else it is inadmissible." (*Id*.)

Fed. R. Evid. 702 also provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," among other requirements. Fed. R. Evid. 702. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "A perfectly equivocal opinion does not make any fact more or less probable and is irrelevant under the Federal Rules of Evidence." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002) (affirming exclusion of expert testimony); *see also Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1124 (5th Cir. 1988) (excluding opinion that "[plaintiff's] death could have been due to asbestos exposure" because it "lacked probative value because it was pure speculation.").

The witness must also possess "specialized knowledge, skill, experience, training, or education in the relevant field[,] . . ." in order to be qualified to express his expert opinion on the topic in issue. *Christopherson v. Allied-Signal Corp.*, 939 F.2d 1106, 1110 (5th Cir. 1991) citing Fed. R. Evid. 702. An expert should not be allowed to testify if she "is not qualified to testify in a particular field or on a given subject." *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999).

## IV. ARGUMENT

### A. Mr. Chandler's License Analysis Should Be Excluded

#### 1. Mr. Chandler Does Not Opine That Any Of The Licenses He Reviewed Should Be Used In Determining A Reasonable Royalty

Mr. Chandler reviews several patent license agreements in his reports. The first set of licenses that Mr. Chandler discusses are [REDACTED] (Ex. 1 at ¶¶ 187-249.) However, nowhere in his discussion of [REDACTED] does Mr. Chandler conclude that any of them should be considered in the hypothetical negotiation, only that they [REDACTED] (*Id.* at ¶¶ 199, 214, 223, 237, 249.)

The second set of licenses that Mr. Chandler discusses are [REDACTED] (*Id.* at ¶¶ 250-308.) Again, nowhere in his discussion of [REDACTED] does Mr. Chandler conclude that any of them should be considered in performing the hypothetical negotiation, only that they [REDACTED] (*Id.* at ¶¶ 282, 292.) Mr. Chandler otherwise concludes that [REDACTED] (*Id.* at ¶¶ 273, 308.)

Mr. Chandler also discusses [REDACTED] (Ex. 2 at ¶¶ 6-30.) Yet again, nowhere in his discussion of [REDACTED] does Mr. Chandler conclude that it should be considered in performing the hypothetical negotiation, only that it

[REDACTED] (*Id.* at ¶ 30.)

Therefore, although, Mr. Chandler states that the licenses he reviewed [REDACTED] he does not identify a single license that actually constitutes a starting point for evaluating the likely outcome of the hypothetical negotiation. Moreover, Mr. Chandler testified that [REDACTED] (Ex. 3 at 120:18-124:8, 190:9-191:24, 224:6-16.)

Mr. Chandler's equivocal opinions – that [REDACTED] – should be excluded because they are irrelevant, devoid of any probative value, and will not assist the jury. *Pipitone*, 288 F.3d at 245 ("A perfectly equivocal opinion does not make any fact more or less probable and is irrelevant under the Federal Rules of Evidence.") (affirming exclusion of expert testimony).

### 2. Mr. Weinstein Does Not Rely On Mr. Chandler's Analysis In Calculating A Reasonable Royalty

Mr. Weinstein, FISI's main damages expert in this case, puts forth a number of theories concerning the proper measure of damages in this case. (Ex. 4 at ¶¶ 69-218.) One of Mr. Weinstein's damages theories is a licensed-based market approach analysis. (*Id.* at ¶¶ 169-189, 196, 199, 202-206.) In his expert reports, Mr. Weinstein considered [REDACTED] that Mr. Chandler considered in his reports. (Ex. 1; Ex. 2; Ex. 4; Ex. 6.) Tellingly, at his deposition, Mr. Weinstein testified that he:

[REDACTED]



[redacted]

[redacted] Hence, Mr. Chandler's analysis of [redacted] is not relevant to any issue in this case, and allowing him to testify would only further complicate the issues and potentially confuse the jury.

Therefore, Mr. Chandler's analysis of [redacted] is not relevant, particularly given Mr. Weinstein's testimony that he [redacted] (Ex. 5 at 64:24-25.)

**B. <u>Mr. Chandler's Discussion Of Various Ancillary Issues Should Be Excluded</u>**

**1. Mr. Chandler Is Not A Patent Law Or Patent Office Prosecution Expert And Thus Should Not Be Allowed To Testify About These Subjects**

In his original report, Mr. Chandler explains what a patent is and how one is typically obtained. (Ex. 1 at ¶¶ 29-31.) Mr. Chandler further explains that obtaining a patent is a difficult process that is often long and costly, and states that patent applications are ultimately rejected more often than not, and that it can take [redacted] (*Id.* at ¶¶ 29-30.) Mr. Chandler also explains that patent litigations [redacted] (*Id.* at ¶ 30.) Mr. Chandler is a purported expert in patent licensing, not patent office procedure, the standards required for patentability or costs involved in litigating patents. (Ex. 3 at 184:13-186:2.) Indeed, at his deposition, Mr. Chandler admitted that he is [redacted] (Ex. 3 at 184:17-19.) Thus, this Court should exclude Mr. Chandler from testifying regarding the process of obtaining a patent,

U.S. Patent Office procedure, the standards of patentability, and costs associated with patent litigation. *Wilson,* 163 F.3d 937.

**2. Mr. Chandler Is Not A Technical Expert Nor Does He Have Any Expertise Regarding The Benefits Of The Technology In This Case And Thus Should Not Be Allowed To Testify Regarding These Topics**

In his report, Mr. Chandler discusses the benefits provided by the inventions of the patents-in-suit. (Ex. 1 at ¶¶ 19-26.) Mr. Chandler includes paragraphs in his report describing the patented technology. (*Id.*) Mr. Chandler further goes on to explain that he believes that RIM invented and developed effective USB charging technologies that transformed the original USB specifications, which are provided by USBIF. (*Id.* at ¶¶ 142-148.) But again, Mr. Chandler is a purported expert in patent licensing, not a technical expert or expert in the state of the art or USB technology. (Ex. 3 at 54:11-16, 184:13-186:2.) Thus, this Court should preclude Mr. Chandler from testifying regarding the technology at issue in this case including the state of the art, the USB specifications, and the extent of use of the technology at issue in this case.

**3. Mr. Chandler Should Be Precluded From Testifying About LG Allegedly Being A Fast Follower**

Mr. Chandler states in his expert report that LG has a reputation of being a "fast follower" as opposed to being a pioneer or "first to market" company. (Ex. 1 at ¶ 327.) Further, Mr. Chandler states that "Blackberry has long been known as a major innovator." (*Id.*) Again, Mr. Chandler is an alleged licensing expert, not a technical expert with any expertise determining which entities may be leaders and innovators in their field and which may have invented which technology. (Ex. 3 at 184:13-186:2.) Mr. Chandler also [REDACTED] (*Id.* at 138:25-141:8.) Mr. Chandler further admitted that [REDACTED]



[redacted] (*Id.* at 145:9-147:23.) Moreover, Mr. Chandler stated that he may "testify how a relative comparison, and a disparity, between a licensor's and a licensee's research and development ('R&D') approaches and efforts may be a key influence and driver in license negotiations." (Ex. 1 at ¶ 327.) This testimony is clearly outside the scope of Mr. Chandler's expertise, has no basis in his expertise or factual knowledge, and is included only to incite the jury. This Court should thus preclude Mr. Chandler from testifying regarding any alleged "fast follower" and major innovator issues as outside the scope of his expertise, unsupported conclusory expert opinion, and without any basis. *Wilson*, 163 F.3d at 937.

#### 4. Mr. Chandler's Opinions Should Be Excluded Under Rule 403

As set forth herein, Mr. Chandler's reports are limited to the narrow issue of analyzing various licenses. Mr. Chandler offers no opinion on a reasonable royalty and fails to identify a single license that should be used in determining a royalty. Mr. Weinstein, who calculates damages, does not rely on Mr. Chandler's review of the various licenses, and relies on, instead his own analysis. There is no relevant use of Mr. Chandler's analysis, and his testimony should be excluded.

## V. CONCLUSION

Mr. Chandler, one of three FISI damages experts in this case, has no opinion to offer regarding the proper measure of damages in this case. Mr. Chandler is a purported licensing expert, but Mr. Chandler does not identify a single license that should be used to calculate a reasonable royalty, and testified that [redacted]

[REDACTED] Mr. Chandler further testified that [REDACTED] Additionally, the other ancillary issues discussed above are not within Mr. Chandler's alleged expertise and appear to be a bald attempt by FISI to present to the jury irrelevant and prejudicial information. Therefore, as set forth above, LG respectfully requests that this Court limit Mr. Chandler's testimony as described herein.

Dated: August 21, 2018

RESPECTFULLY SUBMITTED,

**KASOWITZ BENSON TORRES LLP**

By: */s/ Jonathan K. Waldrop*

Jonathan K. Waldrop
California Bar No. 297903
jwaldrop@kasowitz.com
Darcy L. Jones
California Bar No. 309474
djones@kasowitz.com
Marcus A. Barber
California Bar No. 307361
mbarber@kasowitz.com
Heather S. Kim
California Bar No. 277686
hkim@kasowitz.com
John W. Downing
California Bar No. 252850
jdowning@kasowitz.com
Jack Shaw
California Bar No. 309382
jshaw@kasowitz.com
Gurtej Singh
California Bar No. 286547
gsingh@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive
Suite 200
Redwood Shores, CA 94065
Tel: (650) 453-5170
Fax: (650) 453-5171

Hershy Stern *(pro hac vice)*
New York Bar No. 4631024
hstern@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, NY 10019
Tel: (212) 506-1700
Fax: (212) 506-1800

Rodney R. Miller
Texas Bar No. 24070280
rmiller@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
1349 West Peachtree Street, N.W.
Suite 1500
Atlanta, GA 30309
Tel: (404) 260-6080
Fax: (404) 260-6081

Allen Gardner
Texas Bar No. 24043679
**ALLEN GARDNER LAW, PLLC**
609 S. Fannin
Tyler, Texas 75701
Tel: (903) 944-7537
Fax: (903) 944-7856
Allen@allengardnerlaw.com

*Attorneys for Defendants*
**LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., LG ELECTRONICS MOBILE RESEARCH U.S.A., LLC, AND LG ELECTRONICS ALABAMA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 21, 2018.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that this document is authorized to be filed under seal pursuant to the Protective Order governing this cause.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel have complied with the meet and confer requirement in Local Rule CV-7(h) and this Court's Orders. The parties discussed the subject matter of this motion during a meet and confer on August 20, 2018. Plaintiff stated that it opposes this motion.

*/s/ Jonathan K. Waldrop*
Jonathan K. Waldrop