# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, *Plaintiff*, vs. LG ELECTRONICS, INC., *et al.*, *Defendants.* | Case No. 2:16-CV-01425-JRG-RSP LEAD CASE |
| FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, *Plaintiff*, vs. HUAWEI INVESTMENT & HOLDING CO., LTD., *et al.*, *Defendants*. | Case No. 2:16-CV-01424-JRG-RSP |

**FUNDAMENTAL'S SUR-REPLY IN OPPOSITION TO LG'S MOTION TO EXCLUDE TESTIMONY OF MR. MARK CHANDLER**

LG's Reply does not take issue with the following facts militating against its motion:

- Mark Chandler is an experienced and award winning patent licensing expert who applied a reliable methodology in analyzing the parties' license history and policies.  Dkt. 280 at 1-3.

- LG's damages expert Dr. Ugone has no patent license negotiation expertise, and Mr. Chandler's opinions undermine Dr. Ugone's opinions regarding the comparability of the license agreements analyzed by and accordingly placed at issue by LG's own expert.  *Id.* at 1, 4-5.

- Mr. Chandler has extensive experience obtaining and enforcing patents and negotiating hundreds of patent license agreements, and therefore has firsthand knowledge regarding the associated costs, how those costs are taken into account in patent license negotiations, and why the avoidance of litigation can result in below market rates.  *Id.* at 1-2, 7-8.[1]

- It is proper for an expert (Mr. Chandler) to rely on the technical opinions of other experts having technical expertise (Dr. Conte).  *Id.* at 10.[2]

- An innovator-follower relationship is relevant to how two competitors would approach a hypothetical negotiation, and LG has been described in the press as a follower, and BlackBerry as an innovator.  *Id.* at 10-12.

- LG will have the opportunity to cross examine Mr. Chandler on all of the above at trial.

At base, LG's motion rests on the unsupportable (and inaccurate) non-sequitur that Mr. Chandler's opinions are somehow "not relevant" because they were "not relied on" by Mr.

---

[1]  LG's analogy to an owner of a hospital not being qualified to testify regarding medicine is inapt.  The owner of a hospital very well could be qualified to discuss the costs of certain practices and procedures associated with running a hospital, just as Mr. Chandler is knowledgeable regarding the costs of patent prosecution and litigation based on his ownership of companies and involvement in hundreds of patent licensing and enforcement campaigns.

[2]  While LG points to certain statements in Mr. Chandler's report that he does not attribute to Dr. Conte, the source of the information is clearly set forth in his report.  For example, Mr. Chandler attributes certain background information to Fundamental's positions and the inventors descriptions of the prior art in their patents.  LG fails to mention Mr. Chandler cites to the Amended Complaint and the patents as the source of the statements.  Thus, contrary to LG, these statements are not Mr. Chandler's opinions, they are merely contextual background information, which Mr. Chandler clearly and properly cites with attribution to Fundamental and the inventors.

Weinstein.  Dkt. 304 at 3.  In truth, however, Mr. Weinstein expressly states that he both "considered" and "relied upon" Mr. Chandler's opinions.  Dkt. 280 at 3, 6-7.  And, of course, even if Mr. Weinstein's opinion on the quantum of damages has the force to stand independently, it does not follow that Mr. Chandler's opinions are irrelevant to issues in this case.

Mr. Chandler's opinions will assist the trier of fact in understanding the licensing history and policies of the parties, what parties to hypothetical negotiations typically consider, and whether LG's damages expert Dr. Ugone's underlying assumptions are reliable.  Not surprisingly, LG cites no authority in support of its argument that a patent licensing expert must state which licenses "should be used" to determine a reasonable royalty rather than whether the licenses "may provide a starting point for the hypothetical negotiation."  Dkt. 304 at 1.  This is a distinction without a meaningful difference.  Mr. Chandler considered each of the relevant licenses and based upon his experience and expertise provided his opinion as to the weight the parties may have given to each such license in a hypothetical negotiation.  LG may disagree with those opinions, but that is the purpose of cross examination.

Dated: September 21, 2018

Respectfully submitted,

By: */s/ Edward J. DeFranco*
Edward J. DeFranco
Brian P. Biddinger
Joseph Milowic III
Ron Hagiz
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Ave., 22nd Floor
New York, NY 10010
212-849-7100
Fax: 212-849-7100
Email: eddefranco@quinnemanuel.com
Email: brianbiddinger@quinnemanuel.com
Email: josephmilowic@quinnemanuel.com
Email: ronhagiz@quinnemanuel.com

2

3

        Kevin P.B. Johnson
        Quinn Emanuel Urquhart & Sullivan LLP
        555 Twin Dolphin Drive
        5th Floor
        Redwood Shores, CA 94065
        650-801-5000
        Fax: 650-801-5100
        Email: kevinjohnson@quinnemanuel.com

        S. Calvin Capshaw
        State Bar No. 03783900
        ccapshaw@capshawlaw.com
        Elizabeth L. DeRieux
        State Bar No. 05770585
        ederieux@capshawlaw.com
        CAPSHAW DERIEUX LLP
        114 East Commerce Avenue
        Gladewater, Texas 75647
        Tel:  (903) 845-5770

        ***Attorneys for Plaintiff***
        ***Fundamental Innovation Systems***
        ***International LLC***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via electronic mail on this the 21st day of September, 2018.

/s/  Edward J. DeFranco